## BOWMAN'S CASE.

1.  A Writ of Prohibition does not lie to arrest a proceeding at law for defect of parties; as when a suit which should be brought in the name of the State is brought in the name of private persons.

2.  A Judge is not Disqualified to sit at the trial of a case instituted by persons composing a committee of a corporation by reason of the fact that he is an honorary member of the corporation.

*Information for a Writ of Prohibition.*

Proceedings were instituted in the circuit court of the

city of St. Louis, before the Hon. Wilbur F. Boyle, one of the judges, upon an information filed by Alex. Martin, Edmund T. Allen, E. C. Kehr, Enos Clarke and Joseph G. Lodge, composing the committee of prosecution of the Bar Association of St. Louis, charging the petitioner, Frank J. Bowman, with malpractice, deceit and misdemeanor in his professional capacity as an attorney at law. Upon a trial before a special jury there was a verdict of guilty, and Judge Boyle was about to pronounce sentence when this information for a writ of prohibition was sued out against him in order to arrest the proceeding. The Bar Association was an incorporated association of attorneys, and Judge Boyle was an honorary member. His status as such was defined by the following article in their constitution: "Any member of the association who may be, or become a judge or justice of any court of record, shall be, and while he shall hold such office, continue an honorary member of the association, and shall be entitled to all its privileges, except that of voting, without payment of annual dues."

*Wagner, Dyer & Emmons* for the petitioner, argued that the writ would lie, citing *Howard v. Pierce*, 38 Mo. 298; *State v. Clark Co. Ct.*, 41 Mo. 44; Whittlesey's Practice, p. 631.

2. Judge Boyle was disqualified to sit. Freeman on Judgments, § 144; Broom's Legal Maxims, 117, *et seq.*; *Dimes v. Pro. Grand Junc. Canal*, 3 H. L. cases 759; Cooley Const. Lim., (3 Ed.) 410, 411, 412, 413 and notes; *Richardson v. Wallace*, 6 Cush. 332; *Sigourney v. Libby*, 21 Pick. 106; *Oakley v. Aspinwall*, 3 N. Y. 547; *Washington Ins. Co. v. Price*, Hopkins Ch. 1; *Pierce v. Atwood*, 13 Mass. 340; *Commonwealth v. McLane*, 4 Gray 427.

3. Many authorities were cited to show that the proceeding against Bowman should have been brought in the name of the State and not in the name of the individuals composing the committee of prosecution.

*Robert S. McDonald* and *H. J. Grover* for petitioner.

1.   The proceedings were not commenced for the redress of any private wrong or injury, or for the recovery of damages to any aggrieved party. They were in the nature of a public prosecution and should have been instituted in the name and on account of the State, and by its proper officer.

2.   The judge before whom the proceedings were had, was interested in the association by which they were instituted and conducted; as a member of the association he was interested in their success, and would have been more or less injuriously affected by their defeat, and was therefore disqualified to act.

3.   The petitioner being duly sworn and enrolled as an attorney of this court, is one of its officers, and is entitled to its protection in the enjoyment of his said office and its privileges, and if illegally or improperly proceeded against before an inferior tribunal is entitled to the interposition of this court by the writ of prohibition prayed for.

4.   Section 30, article 2, of the constitution of this State provides, "that no person shall be deprived of life, liberty or property without due process of law." It will not be contended that a person can be deprived of the right of earning a livelihood by the practice of his profession except by such due process. If, therefore, the court is of opinion that due and proper proceedings have not been had in this case, it is within its power and province to issue its writ of prohibition as prayed for, and thereby protect the petitioner in his constitutional rights, this court having, by the provisions of section 3 of article 6 of the constitution, "a general superintending control over all inferior courts."

*Chester H. Krum* and *Alex. Martin, contra,* argued that

the writ would not lie, citing *Thomas v. Mead*, 36 Mo. 233; *Vitt v. Owens*, 42 Mo. 512; *Howard v. Pierce*, 38 Mo. 298; *Wilson v. Berkstresser*, 45 Mo. 283; 9 Sm. & Mar. 623; 4 Rich. 513; 7 Wend. 518; 23 Ala. 94; *Bartling v. Jamison*, 44 Mo. 141.

2. The proceeding was properly brought in the name of the relators. No statute requires it to be brought in the name of the State, nor was it necessary at common law. For the modes of proceeding in order to secure the disbarment of an attorney for unprofessional conduct. See *In re Percy*, 36 N. Y. 651; *In re Cooper*, 22 N. Y. 68; *In re Peterson*, 3 Paige 510; *Anon.* 22 Wend. 655; *Saxton v. Stowell*, 11 Paige 526; *Matter of Miles*, 5 Dayley N. Y. 465; *In Matter Cameron* 5 Hun New York 290; *In re Kelly*, 59 N. Y. 595 and 62 N. Y. 198; *Penobscot Bar v. Kimball*, 64 Me. 140; *Matter of Mills*, 1 Michigan 392; *Mater of Balus*, 28 Mich. 392; *Matter of Peyton*, 12 Kansas 398; *Ex parte Smith*, 28 Ind. 47; *Reilly v. Cavanaugh*, 32 Ind. 214; *Klingsmith v. Kepler*, 41 Ind. 341; *Turner v. Commonwealth*, 2 Metc. (Ky.) 619; *Ex parte Brown* 1 How. (Miss.) 303; *Ex parte Heyfron*, 7 How. (Miss.) 127; *Ex parte Michael D, Armas* 10 Martin (La.) 123; *Ex parte Schunk*, 56 N. C. 353; *Austin's case*, 5 Rawle 191; *Dickens' case*, 67 Penn. 169; *Ex parte Carter*, 1. Phil. 507; *Anon.* 7 N. J. Law 162; *Matter of Brown*, 2 Col. T. 553; *Ex parte Bradley* 7 Wall. 364; *Ex parte Garland*, 4 Wall. 333; *Ex parte Burr*, ——————; *Matter of Blak*, 3 Ellis & Ellis, 33; *In re Sparks*, 17 C. B. N. S. 725; *State v. Strother*, 1 Mo. 605; *State v. Watkins*, 3 Mo. 337; *State v. Foreman*, 3 Mo. 602; *Ohio v. Chapman*, 10 Ohio 430; Paschal An. Dig. Texas, Art. 176; *Jackson v. State*, 21 Tex. 668; 1 Brickle's Dig. (Ala.) 190.

3. Judge Boyle was not disqualified to sit. He was not a member of the association except in a nominal sense. He had no pecuniary interest whatever; was exempt from all dues, could not be called on for costs, had no right to vote, and did not participate in the proceedings of the as-

sociation. Besides the Bar Association was no party to the proceedings, only Martin, Kehr, Lodge, Allen and Clarke individually. The association was not liable for the costs. The prosecutors were alone liable. Again, the supposed disqualification is merely personal, and does not go to the jurisdiction of the court. The writ of prohibition is never awarded to correct such an error.

NAPTON, J.—This application for a writ of prohibition against one of the judges of the circuit court of St. Louis, is based on two grounds, one of which is, that the proceeding against Bowman should have been in the name of the State, and could not be prosecuted by private persons; and the other is, that the judge who presided at the trial of the proceeding was disqualified from sitting by reason of his having been, before his election as judge, a member of the Bar Association, whose committee were the prosecutors, and since his election to the bench, was an honorary member of the same. It is well settled that when the proceedings proposed to be arrested by a prohibition contain such errors as can be reached by an appeal or writ of error, this extraordinary writ will not be allowed, and therefore the first alleged ground of defect of parties is not available. Nor would the fact that the sentence pronounced by the court might be suffered by the party before his appeal could be heard, deprive the appellate court of jurisdiction.

The second ground for the writ is, not any want of jurisdiction on the part of the St. Louis circuit court over the subject-matter, but a personal disqualification of the judge. Waiving all questions in relation to the postponement of this challenge until the close of a protracted trial, and an application to this court after the petitioner's consent to an entry of the judgment, *nunc pro tunc*, at a term succeeding the trial term, we are of opinion that the position of Judge Boyle, as an honorary member of the Bar Association, did not disqualify him from sitting in the

case, since he had not a particle of pecuniary interest involved. The writ of prohibition is denied. Judges SHER-WOOD, HOUGH and NORTON concur in this opinion, and Judge HENRY concurs in the result.

HENRY, J.—I concur in the opinion that the writ of prohibition should be denied, because the alleged error may be considered on appeal or writ of error. I express no opinion, nor do I conceive it necessary to the determination of the application, for this court to decide whether Judge Boyle had or had not such an interest in the result of the proceeding to disbar Mr. Bowman, as to disqualify him from presiding at the trial; or whether, or not, that proceeding should have been instituted by the prosecuting attorney, or the Attorney General in the name of the State.

To deny the petitioner the writ of prohibition, because he may appeal, and determine against him the points he would rely upon in the appellate court, is not only refusing him a remedy to which he is not entitled, but prejudging the cause he may present on an appeal or writ of error to which he is entitled. It amounts to a declaration by this court to the court of appeals, that Bowman has no case on the merits while we have virtually declined to consider the merits, by deciding that he is not entitled to a writ of prohibition, because he can have the merits considered on appeal or writ of error.