## Ex Parte PETER G. GOUNIS.

### In Banc, July 3, 1924.

1. **HABEAS CORPUS: Convicted Prisoner: Questions for Consideration.**
Where a convicted petitioner who is in confinement under judicial process seeks to be discharged by *habeas corpus*, the only questions involved are whether the court or officer issuing the process under which he is detained had jurisdiction of the case, and had acted within its jurisdiction in issuing the process.

2. **JURISDICTION: Enforcement by State Court of National Prohibition Law.** While Congress cannot confer jurisdiction upon state courts, nor regulate or control their modes of procedure, state

courts may, in the exercise of their ordinary, original and rightful jurisdiction, incidentally take cognizance of cases arising under the laws of Congress. Places in this State at which intoxicating liquors are manufactured or sold are, by virtue of the act of Congress, public nuisances, and can be suppressed by injunctions issued by the circuit courts of this State in the exercise of their ordinary, original and rightful jurisdiction; and such circuit courts have jurisdiction of an injunction to suppress a place which by the National Prohibition Act is a public nuisance.

3. ———: ———: **Defect of Parties: Habeas Corpus.** Whether the United States is a proper party plaintiff in an injunction suit to suppress a place which by the National Prohibition Law is a public nuisance, brought by a prosecuting attorney in the state circuit court, cannot be determined on *habeas corpus.* Defect of parties, if it exists, can be corrected on appeal or by writ of error.

4. ———: ———: **State Procedure.** A suit brought in the state court to enforce an act of Congress must conform to the state procedure prescribed by the laws of the State for the class of suits to which it belongs. But in determining petitioner's right to a discharge by the writ of *habeas corpus* the record must affirmatively show that the court by which he was adjudged guilty did not conform to the state procedure, but did exceed its jurisdiction.

5. ———: ———: ———: **Injunction: No Bond.** It is expressly provided by statute (Sec. 1957, R. S. 1919) that no injunction, unless on final hearing or judgment, shall issue in any case, except in suits issued by the State in its own behalf, until the plaintiff, or some responsible person for him, shall have executed a sufficient bond; and an injunction suit brought by the prosecuting attorney in the state circuit court to enforce the National Prohibition Act, is not a suit instituted by the State, or on its behalf, nor does he act in his official capacity, but only as the agent of the United States, and a temporary restraining order issued without the giving of a bond is void. But notwithstanding the proceedings strongly indicate that the procedure outlined by that act was literally followed, yet if the record does not affirmatively show that no bond was given, but is entirely silent with respect to the filing of a bond, it cannot be ruled on *habeas corpus* that the court exceeded its jurisdiction, or that no bond was given.

*Held,* by GRAVES, C. J., concurring, with whom a majority concur, that, notwithstanding the silence of the record, the circuit judge, before whom the injunction is pending, knows whether the statutory bond and notice were given, and if they were not its judgment is void, and will not, if it is void for those reasons, permit it to be enforced.

6 ———: ———: ———: ———: ———: Presumption in Favor of Jurisdiction. The circuit court is a court of general jurisdiction, and where the particular case is one which falls within that jurisdiction the Supreme Court, in determining the defendant's right to be discharged on *habeas corpus*, must presume, in the absence of a record showing to the contrary, that the circuit court required the plaintiff to give the bond required by law before making effective its temporary restraining order.

7. ———: ———: ———: ———: Notice. Jurisdiction, in the sense of the court's power to act, in the granting of a temporary injunction, does not depend upon a showing that a previous notice of the application therefor was given to defendant.

8. ———: ———: Duty of State Courts. Congress has no power to compel the state courts to assume jurisdiction of actions brought to enforce the National Prohibition Act. It is the duty of Congress to provide efficient instrumentalities, including courts, for the enforcement of one of its acts designed to suppress a puolic evil, and that duty it cannot impose upon state courts. And notwithstanding the State has the power, concurrent but wholly independent of that conferred upon the United States, to enforce the Eighteenth Amendment, within its boundaries, there is no apparent reason, in view of the drastic prohibition laws and the ample procedure provided by the State, for the State's prosecuting attorney to institute, or for its courts to entertain, actions to enforce said amendment or said act. Nor has Congress attempted to compel the state courts to entertain jurisdiction in actions arising under the National Prohibition Act, notwithstanding a state court of equity, in the exercise of its ordinary, original and rightful jurisdiction, has power to suppress a place declared by that act to be a public nuisance.

9. ———: ———: The Missouri Statute: Remedies. The remedy provided by the state prohibition statute is cumulative, and not exclusive. That statute was not intended to restrict the actions of the state courts or of the state prosecuting officers, in the enforcement of the Eighteenth Amendment, to the remedies afforded by the National Prohibition Act.

Headnotes 1 and 3: Habeas Corpus: 1, 29 C. J. sec. 19; 3, 29 C. J. sec. 21. Headnote 2: Courts, 15 C. J. secs. 27, 634; Intoxicating Liquors, 33 C. J. secs. 399, 407. Headnote 4: Intoxicating Liquors, 33 C. J. sec. 407; Courts, 15 C. J. sec. 634; Habeas Corpus, 29 C. J. sec. 20. Headnote 5: Habeas Corpus, 29 C. J. sec. 20; Injunction, 32 C. J. sec. 506. Headnote 6: Courts, 15 C. J. secs. 418, 146; Habeas Corpus, 29 C. J. sec. 190. Headnote 7: Injunctions, 32 C. J. sec. 498. Headnotes 8 and 9: Intoxicating Liquors, 33 C. J. sec. 407.

*Habeas Corpus.*

WRIT DENIED.

*Robert C. Powell* for petitioner.

(1) The Legislature, by virtue of Section 2 of the Eighteenth Amendment passed a law identical with Section 22 of Title 2 of the Volstead Act, making only minor changes in the names of the officers authorized, and the forum in which to carry out the act. Laws 1921, p. 413, secs. 6594 a, b and c. By this act proceedings were authorized to be instituted in the name of the State of Missouri. The Legislature having spoken in language practically identical with the national act, the same is and should be taken to be a mandate to state officers as to how and where to proceed and as to the limitations set upon them and their activities. Having thus spoken, that law becomes supreme and controlling in Missouri for state officers, their limitations and activities, otherwise any prosecuting attorney of Missouri might be authorized under the federal act with a roving commission to go anywhere in any court, of the State, Federal or State, or possibly anywhere in the United States, just so long as he appears in the jurisdiction of the offense and presents his case to any court thereof "having jurisdiction to hear and determine equity cases." (2) If state and national legislation on the subject of the Eighteenth Amendment conflict, the state legislation yields to the action of Congress as controlling, for the State shall assist, not thwart, the purpose of the Eighteenth Amendment, but where the State passes legislation in exact accord with the amendment and an exact rescript of national legislation, changing only the method of procedure in the state courts, and directory of the state officers, the state legislation is controlling in view of local self-government retained by the Constitution of Missouri, Sec. 3, Art. II. Section 1 of the Eighteenth Amendment is a command to prohibition. Section 2 is only procedural to enforce the command by appropriate means. State v. Heilman,

246 S. W. 622; State v. George, 243 S. W. 948. (3) Section 23, Article II, Missouri Constitution, provides against double jeopardy. A prosecution or proceeding in a federal court under the federal act and one in the state court under the state law against the same person for the same offense is held to be no double jeopard. United States v. Lanza, 43 Sup. Ct. Rep. 141. But to permit a state officer to proceed in a state court, using state aid for a prosecution or proceeding under the federal act, if not precluding the same officer in the same state court with the same state aid, on the same set of facts, against the same person, would certainly not only give too much power to that state officer, but would be violative of both the letter and spirit of our Constitution in its provision against double jeopardy. (4) The proceedings in the circuit court were had and definitely and explicitly, throughout the whole petition, bottomed upon Section 22, Title 2, of the National Prohibition Act. The whole spirit of the proceedings and the letter of the law was federal in its purpose and purport; otherwise, there was no war- rant or authority whatsoever therefor and the whole pro- ceeding must fall of its own weight. To the federal act must be given its individuality, purposes, potentialities and penalties, as likewise the state act in coexistence therewith. Proceedings under both as to double jeopardy have nothing to do with each other and are definitely con- tradistinguished. If such procedure should govern, then recourse should be had, not to state, but to federal de- cisions. A proceeding of this kind under the Volstead Act should be upon positive averment, not upon "infor- mation and belief" of the informant or complainant. United States v. Butler, 278 Fed. 677.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondent.

(1) Where a party who is in confinement under ju- dicial process is brought up on *habeas corpus,* the court

or judge before whom he is returned will inquire only whether the court or officer issuing the process under which he is detained had jurisdiction of the case and has acted within that jurisdiction issuing such process. If so, mere irregularities or errors of judgment in the exercise of that jurisdiction must be disregarded, and must be corrected either by the court issuing the process or on regular appellate proceeding. Hartman v. Henry, 280 Mo. 478. (2.) The circuit court had jurisdiction of this cause. (a) The Constitution and laws of the United States are the supreme law of the land and the judges in every state are bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding. The judicial power of the United States is vested in one Supreme Court and in such inferior courts as the Congress from time to time ordains and establishes. Article VI, Constitution of the United States; Section 1, Article III, Constitution of the United States. (b) Rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States courts or in the state courts competent to decide rights of the like character and class, unless in the case of rights arising under the laws of the United States the Congress shall give exclusive jurisdiction to the federal courts. Claflin v. Houseman, 93 U. S. 130, 23 L. Ed. 833; Second Employers Liability Cases, 223 U. S. 1, 56 L. Ed. 327. (c) Circuit Courts in Missouri have jurisdiction in equity to abate nuisances by injunction. State ex rel. v. Canty, 207 Mo. 439, 456; State ex rel. v. Lamb, 237 Mo. 437, 456; Ex parte Laymaster, 260' Mo. 613. (d) And this included nuisances not such *per se* or at common law, but made so by competent legislative authority. State v. Tower, 185 Mo. 79, 91; State ex rel. Brncic v. Huck, 246 S. W. 303; State ex rel. Tibbels v. Iden, 221 S. W. 781. The technical objections raised by petitioner, if available for review here, are without merit. (3) The granting of a temporary restraining order without notice upon application of a proper gov-

ernmental official is valid. State ex rel. Brncic v. Huck, 246 S. W. 303.

*Adam Henry Jones* and *Wilfred Jones* also for respondent.

(1) The relief sought being by *habeas corpus*, the issues are made up by the writ and the return. The return not being denied, is to be taken as true. Ex parte Durbin, 102 Mo. 100; In re Buck, 252 Mo. 303. The National Prohibition Act was passed by Congress under the Eighteenth Amendment and has been held to be within the power of Congress. State of Rhode Island v. Palmer, 253 U. S. 350. Congress having acted by legislation, it is not the duty of the court to substitute its judgment for that of the legislative department of government. Hannah & Hog v. Clyne, 263 Fed. 599. (2) When the United States exerts any of the powers conferred upon it by the Constitution no valid objection can be based upon the fact that such exercise may be attended by the same incidents which attend the exercise by a state of its police power, or that it may tend to accomplish a similar purpose. Hamilton v. Ky. Dist. & W. H. Co., 251 U. S. 146; McCray v. United States, 195 U. S. 27. (3) Under Sec. 22 of Title II of the National Prohibition Act the prosecution of liquor nuisances by injunction proceedings at the instance of the prosecuting attorney in a state court of equity jurisdiction is expressly authorized. This is not in conflict with our state law, but the two acts are in consonance. There is no conflict of law. Ex parte Ramsey, 265 Fed. 950; Ex parte Crookshank, 269 Fed. 980. But if the state law is inconsistent the law of Congress takes supersedence. Ex parte Crookshank, 269 Fed. 980. (4) The prosecuting attorney of any county may sue in either the name of the United States under the National Prohibition Act, in the state court or in the name of the State, where that state has in effect a consistent law on the same subject. Ex parte Brambini, 218 Pac.

569; Carse v. Marsh, 210 Pac. 257. (5) Where the pro-
ceeding is brought in a state court it should follow the
equity rules of that state as to procedure. Under Mis-
souri practice a temporary restraining order in an in-
junction proceeding to enjoin the continuance of a liquor
nuisance may issue upon the filing of the petition and
affidavit without notice. State ex rel. Brncic v. Huck,
246 S. W. 303. (6) The petition in the case in which
the petitioner's conviction resulted was not solely on
information and belief, but was on facts known either to
the prosecuting attorney, or to an assistant who supplied
the supporting affidavit made a part of the petition. (7)
The Eighteenth Amendment was a limitation and not a
grant of power to the several states. A prosecution by
the State is by a different sovereignty from the Federal
Government and, therefore, a conviction under one is no
bar to a prosecution under the other. An act denounced
as a crime by both national and state governments is an
offense against the peace and dignity of both and may
be punished by each. The guaranties of the Fifth Amend-
ment apply only to proceedings by the Federal Govern-
ment. Blakemore on Prohibition, p. 38; Vigliotti v. Penn.,
258 U. S. 403; Barron v. City of Baltimore, 7 Pet. 243, 8
L. Ed. 672; Woods v. Seattle, 270 Fed. 315; State v.
Rhodes, 242 S. W. 642, 22 A. L. R. 1544. (8) Where
defendant has been served with the restraining order the
entering of which was within the jurisdiction of the
court and which order the defendant has violated, he
cannot in defense of a contempt proceeding be heard to
assert that the court improvidently entered the original
order. It is his duty to obey the order until such time
as it has either been rescinded or modified. Lewisohn v.
United States, 278 Fed. 421; In re Coy, 127 U. S. 721;
Ex parte Tyler, 149 U. S. 164; Allen v. United States,
278 Fed. 429.

RAGLAND, J.—Petitioner seeks release from con-
finement in the county jail of St. Louis County under an

order of commitment issued by the circuit court of that county. The facts relative to the cause of his imprison- ment as disclosed by the record are briefly these: On September 29, 1923, the Prosecuting Attorney of St. Louis County, purporting to act under authority con- ferred upon him by the National Prohibition Act, insti- tuted an action in the circuit court of that county to en- join a nuisance which it was alleged was being main- tained by petitioner and others at certain premises in St. Louis County. The petition in that proceeding was entitled, "United States of America ex rel. Adam Henry Jones, Prosecuting Attorney of St. Louis County, Mis- souri, plaintiff, vs. Peter Gounis et al., defendants"; it charged the defendants, upon information and belief, with the maintenance of a nuisance in the language of Section 21, Title II, of the National Prohibition Act; it was verified by the relator on information and belief; and it prayed both a temporary restraining order and a permanent injunction. With the petition there was also filed the affidavit of one Russell, in which affiant stated that on a certain date he had purchased beer of defend- ants, and that on another date he had seen on the prem- ises of defendants quantities of intoxicating liquor and a number of gambling devices. On October 10, 1923, with- out previous notice to defendants of the application there- for, a temporary restraining order was issued and served on them. On January 25, 1924, the petitioner, Gounis, was cited to show cause why he should not be punished for contempt of court, in having violated the temporary restraining order. On a hearing had on January 30th following the citation, he was found guilty of wilful con- tempt, and his punishment therefor was assessed at a fine of $700 and imprisonment in the county jail for a term of six months. Judgment and his commitment fol- lowed.

I. In this proceeding only questions of jurisdiction are involved. "Where a party who is in confinement un-

der judicial process is brought up on *habeas corpus,* the court or judge before whom he is returned will inquire:

**Questions for Consideration.** Whether the court or officer issuing the process under which he is detained had jurisdiction of the case and has acted within that jurisdiction in issuing such process. · If so, mere irregularities or errors of judgment in the exercise of that jurisdiction must be disregarded on this writ, and must be corrected either by the court issuing the ·process or on regular appellate proceeding.'' [Cooley's Const. Limitations (4 Ed.) 430; Hartman v. Henry, 280 Mo. 478, 481.]

II.   The petitioner contends that the entire proceeding in the Circuit Court of St. Louis County out of which the alleged contempt arose was *coram non judice.* The grounds of his contention broadly stated are that Congress is without power to appropriate state agencies, including its courts and officers, for the enforcement of national legislation, and that the State of Missouri by enacting a statute almost identical in terms with the National Prohibition Act thereby impliedly directed and limited the activities of its prosecuting officers in the enforcement of the Eighteenth Amendment to the methods, means and pro-·cedure provided in such statute.

**Jurisdiction of State Court.**

Before examining the specific grounds upon which the petitioner predicates lack of jurisdiction in the Circuit Court of St. Louis County to entertain the proceeding in which he was adjudged guilty of a contempt, it will not be amiss to consider that proceeding in the light of certain general principles which have come to be accepted as settled constitutional law.   Congress cannot confer jurisdiction upon the state courts; neither can it regulate or control their modes òf procedure.   [Houston v. Moore, 5 Wheat. 27; Martin v. Hunter, 1 Wheat. 334; Kent's Com. 395 et seq.]    ''There has been no surrender by the states of the right to establish their own courts, to define and limit their jurisdiction and functions, and

to regulate and control them in all respects, except as to appellate jurisdiction, and as to subjects within the exclusive jurisdiction of the United States." [Rushworth v. Judges, 58 N. J. L. 97, 101.] State courts cannot take cognizance of criminal offenses committed against the authority of the United States, or of actions for the recovery of penalties and forfeitures (wholly penal in character) arising under the laws of the United States. With respect to civil actions the jurisdiction of the State and Federal courts may be concurrent. In cases arising under the Constitution, laws and treaties of the United States, if exclusive jurisdiction in the United States courts be neither express nor implied, "the state courts have concurrent jurisdiction whenever, by their own Constitution, they are competent to take it." [Claflin v. Houseman, 23 U. S. L. Ed. 833.] Expressed in another way: "State courts, may, in the exercise of their ordinary, original and rightful jurisdiction, incidentally take cognizance of cases arising under the Constitution, laws and treaties of the United States." [1 Kent, 397; Ward v. Jenkins, 51 Mass. 583.] The injunction suit which gave rise to the present proceeding was bottomed on a Federal statute. The petition in that cause recited that it was filed by the Prosecuting Attorney of St. Louis County "pursuant to authority thereto granted by Sec. 22, Title II, National Prohibition Act, and for the purpose of enjoining and abating a certain public and common nuisance as defined in Section 21, Title II, of said Act of Congress." Sections 21, 22 and 24 of the Act referred to, so far as pertinent to the present consideration, are as follows:

"Sec. 21. Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance. . . . .

"Sec. 22. An action to enjoin any nuisance defined in this title may be brought. in the name of the United States or by the Attorney-General of the United States or by any United States attorney or any prosecuting attorney of any State or any subdivision thereof or by the commissioner or his deputies or assistants. Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. . . . No bond shall be required in instituting such proceedings. . . .

"Sec. 24. In the case of the violation of any injunction, temporary or permanent, granted pursuant to the provisions of this title, the court, or in vacation a judge thereof, may summarily try and punish the defendant. The proceedings for punishment for contempt shall be commenced by filing with the clerk of the court from which such injunction issued information under oath setting out the alleged facts constituting the violation, whereupon the court or judge shall forthwith cause a warrant to issue under which the defendant shall be arrested. The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses. Any person found guilty of contempt under the provisions of this section shall be punished by a fine of not less than $500 nor more than $1,000, or by imprisonment of not less than thirty days nor more than twelve months, or by both fine and imprisonment." [41 U. S. Statutes at Large, 314, 315.]

The essential objective of the quoted provisions of the statute was to declare any place where intoxicating liquor is manufactured, sold, kept or bartered in violation of its provisions a public nuisance. The circuit

courts of this State as courts of general equity jurisdiction have full power to enjoin the maintenance of a pub·lic nuisance which affects the health, morals or safety of the community. And this is so whether the wrongs and injuries constituting such a nuisance are so denominated at common law or by statute. [State ex rel. v. Canty, 207 Mo. 439; State v. Tower, 185 Mo. 79; State ex rel. v. Houck, 246 S. W. 303.] When therefore places in the State of Missouri where intoxicating liquor was manufactured or sold became, by virtue of the act of Congress, public nuisances, they could at that instant be suppressed by injunctions issued by the circuit courts of the State "in the exercise of their ordinary, original and rightful jurisdiction." Consequently there can be little question but that the Circuit Court of St. Louis County had full jurisdiction, so far as subject-matter was concerned, of the action prosecuted in the name of the United States against the petitioner here. Whether that jurisdiction was properly invoked by the United States, in other words, whether it was a proper party plaintiff, can-

Defect of Parties.
not be considered in this proceeding. Defect of parties, if it exists, can be corrected on appeal or writ of error. It does not go to the power or jurisdiction of the court. [State ex rel. v. Zachritz, 166 Mo. 307, 314; State ex rel. v. So. Ry. Co., 100 Mo. 59; Bowman's Case, 67 Mo. 146.]

III. As heretofore stated the action brought against petitioner to enjoin the maintenance of a public nuisance was based upon an act of Congress. And while the Circuit Court of St. Louis County had jurisdiction of the class of cases to which it belonged, it was bound to exercise that jurisdiction in conformity with the laws of this State. The petition filed in the injunction suit and the subsequent proceedings had therein strongly indicate that the court endeavored to, and did, literally follow the procedure outlined by the National Prohibition Act. Notwithstanding, those proceedings, so far as the record

here affirmatively shows, did not transcend in any respect the jurisdictional limitations prescribed by the law of the State relating to the issuance of injunctions. When we say the record does not *affirmatively* show any act in excess of jurisdiction, we do so advisedly. It is entirely silent with respect to the filing of a bond, which was a condition precedent to the issuance of the temporary restraining order. It is expressly provided by Section 1957, Revised Statutes 1919, that no injunction, unless on final hearing or judgment, shall issue in any case, except in suits instituted by the State in its own behalf, until the plaintiff, or some responsible person for him, shall have executed a bond with sufficient surety, etc. The injunction suit against petitioner was not instituted by the State of Missouri, nor in its behalf. It was brought in the name and on the behalf of the United States. In bringing it Henry Adam Jones was acting not in his official capacity as prosecuting attorney of St. Louis County, but as the agent and attorney of the United States. If, therefore, the temporary restraining order was issued without the giving of a bond conditioned as the statute provides, it was void. [State ex rel. v. Foard, 251 Mo. 58; State ex rel. v. Lamb, 237 Mo. 447; State ex rel. v. Williams, 211 Mo. 227.] But as the St. Louis County Circuit Court is a court of general jurisdiction and the case with which it was dealing was one which fell within that jurisdiction, we are bound to presume, in the absence of a showing to the contrary, that it required a bond to be given before making effective its restraining order, because the law required it so to do. *Omnia praesumuntur rite et solemniter esse acta.*

The petitioner's complaints, that the temporary restraining order was issued without sufficient proof to show prima-facie that the allegations of the petition for an injunction were true, and that it was issued without previous notice to him of the application therefor, both relate to matters of error and not jurisdiction. It has been expressly held that in cases other than those to stay

proceedings falling within the purview of Section 1952, Revised Statutes 1919, jurisdiction, in the sense of power to act, in the granting of a preliminary injunction, is not conditioned upon a showing of previous notice of the application, therefor, given to the defendant. [State ex rel. v. Woodside, 254 Mo. 580, 591.]

IV. We entirely agree with the petitioner that Congress is without power to compel the state courts to assume jurisdiction of actions brought to enforce the provisions of the National Prohibition Act. If the United States can institute such actions in state courts by a county prosecuting attorney, it can do so by the Attorney-General of the United States or any United States attorney; and if the state courts are bound to entertain jurisdiction in such actions, then the entire burden of enforcing the National Prohibition Act, so far as it can be done through the prosecution of civil actions, can be transferred from the courts of the United States to those of the states. In such event the state courts through the stress of national business would cease to function locally. In this connection what is said by the Supreme Court of New Jersey in Rushworth v. Judges, supra, is in point:

*Duty of State Courts.*

"If Congress has, without the consent of the State, the power to impose such a duty upon the state courts, there is no legal limit to the authority of the national legislature to burden the state courts with such a volume of business as to essentially impair their capacity to exercise the judicial functions for which they were created by the State.

"The inability of congress thus to fetter and disable the instrumentalities provided by the State for carrying on the operations of its own government, was the ground upon which the power of the Federal Government to lay an income tax upon the salaries of the state judiciary was denied in Collector v. Day, 11 Wall. 113.

"Chancellor Kent, in his Commentaries, says that in Houston v. Moore, 5 Wheat, 1, the Supreme Court disclaimed the idea that Congress could authoritatively bestow judicial powers on state courts. In that case it is said that it is perfectly clear that Congress cannot confer jurisdiction upon any courts but such as exist under the Constitution and laws of the United States, although the state courts may exercise jurisdiction in cases authorized by the laws of the State and not prohibited by the exclusive jurisdiction of the federal courts.

"The learned author declares that in the case last cited, the judges of the Supreme Court very clearly intimated that the state courts were not bound in consequence of any act of Congress to assume and exercise jurisdiction in such cases, and he regards the doctrine as well founded that Congress cannot compel a state court to entertain jurisdiction in any case. [1 Kent, Com. 399, 400, 402.]

"Such has been the view adopted by state courts, where the question has been involved. [Haney v. Sharp, 1 Dana (Ky.) 442; Ex parte Pool, Va. Cas. 276.]

"The national courts have recognized their want of authority in cases not within the appellate jurisdiction of the United States, to issue injunctions to the state courts, or in any other manner to interfere with their jurisdiction or proceedings. [Diggs v. Wolcott, 4 Cranch, 179.]

" 'The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively or to the people.' [U. S. Const. Amend., art. 10.]"

In the second Employers' Liability Cases, 223 U. S. 1, 58, the Supreme Court of the United States held that "the existence of . . . jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication." The court in those cases, however, was considering "the question of the duty of such a (state) court, when its ordinary jurisdiction as prescribed by local laws is ap-

propriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under an act of Congress and susceptible of adjudication according to the prevailing rule of procedure.'' And the right of civil recovery it had in mind was a private right as distinguished from one pertaining to the general public. Where an act of Congress, such as the National Prohibition Act, is designed to suppress a public evil, it is clearly the duty of Congress to provide efficient national instrumentalities, including courts, for its enforcement. It cannot impose that burden or any part of it upon the state courts; nor is there in any case an implication of duty on the part of a state court to lend its jurisdiction to the enforcement of the laws of the United States *in behalf of the United States.* That duty devolves wholly upon the courts of the United States, which were created for the purpose of maintaining in part its sovereign authority.

The State of Missouri has the power, concurrent with but wholly independent of that conferred upon the United States, to enforce the Eighteenth Amendment, within its boundaries. [United States v. Lanza, 43 Sup. Ct. Rep. 141; National Prohibition Cases, 253 U. S. 350.] And this it has undertaken to do. Its Legislature has provided remedies to that end just as complete and just as drastic as those found in the Act of Congress. There is no apparent reason therefore for the State's prosecuting officers to institute, or its courts to entertain, actions under the Federal law for the enforcement of constitutional prohibition. If in the proper exercise of their respective powers and prerogatives they effect enforcement of the state law they will have discharged in full measure the duties severally incumbent upon them in that behalf.

Congress has not, however, attempted to compel the state courts to entertain jurisdiction in actions arising under the National Prohibition Act. It has merely per-

mitted such of them as are competent for the purpose, and have an inherent jurisdiction adequate to the case, to entertain suits in equity for the abatement of liquor nuisances. With respect to such suits, state courts of first instance, in the absence of a state prohibition, may determine for themselves whether their duty requires them to assume jurisdiction.

V. It is contended by the petitioner that the Legislature of this State by the enactment of a law which is almost a rescript of the National Prohibition Act intended to restrict the actions of its courts and its prosecuting officers in the enforcement of the Eighteenth Amendment to the remedies afforded by that law. At the time the present State Prohibition Statute was passed, in 1921, the National Prohibition Act was in force, declaring places where intoxicating liquor was manufactured, sold or bartered in violation of its provisions to be public nuisances, and providing that certain state and federal officers, including state prosecuting attorneys, might bring actions for their abatement, in the name of the United States, in any court having jurisdiction to hear and determine cases in equity. The Missouri statute followed almost literally the national act in declaring in one section the nuisance and in another prescribing the remedy for its suppression. It differed only in providing that suits of injunction might be brought *in the name of the State of Missouri* by any prosecuting attorney or circuit attorney of any county or city in the State. Its language in so far as it constitutes a direction to the state's prosecuting officers in the employment of such civil action as a means of prohibition enforcement is permissive and not mandatory. It contains no expression limiting the civil remedy to the one provided by it, or prohibiting prosecuting attorneys from employing any other, although the Legislature must at the time have known that under the Act of Congress county prosecuting attorneys were authorized to bring

*The Missouri Statute.*

in state courts of competent jurisdiction actions in the name of the United States for the suppression of the same evil. It is clear under well settled rules of construction that the remedy provided by the state statute must be deemed cumulative and not exclusive. [Endlich on the Interpretation of Statutes, sec. 467.]

This case presents for the first time the question of whether the circuit courts of this State can take cognizance of civil actions arising under the National Prohibition Act. For that reason we have endeavored to consider it from every angle pointed out by counsel or suggested by the record itself; otherwise, it could have been much more summarily disposed of. We hold that the Circuit Court of St. Louis County had jurisdiction of the action brought against the petitioner to enjoin the maintenance of a public nuisance, and that none of its orders which culminated in the commitment for contempt was, so far as the record here affirmatively shows, in excess of its jurisdiction. It follows that the petitioner must be remanded. It is so ordered. All concur; *Graves, C. J.*, in separate opinion in which *James T. Blair, Walker, White* and *Woodson, JJ.*, concur.

GRAVES, C. J. (concurring).—I concur fully in all of this opinion, except that I must say that a fair inference would be that the temporary injunction was issued both without notice and without bond. This because it appears that the relator in the injunction was following strictly the Federal statute. It would be but natural to proceed without bond, as is provided in that statute. Relator in this case should have made this fact clear, but the matter is pending before a seasoned jurist, and if under the ruling in this case he knows his judgment to be void, as it would be if no bond was filed before the restraining order, he will not further attempt to punish for contempt on a void judgment. Under our law, it being the governing law, in the course of procedure and practice, the giving of a bond is a condition

precedent to jurisdiction. With these additional views, I concur. *James T. Blair, Walker, White* and *Woodson, JJ.,* concur in these views.