In re Billy J. FRANCE.

Billy J. FRANCE

v.

Sandra L. FRANCE.

Bankruptcy No. 85–389.
Civ. No. 86–37–D.

United States District Court,
D. New Hampshire.

May 28, 1986.

See also 63 B.R. 775.

Alan Cantor, Manchester, N.H., for plaintiff/appellee.

B. Timothy Pirtle, McMinnville, Tenn., for defendant/appellant.

## ORDER

DEVINE, Chief Judge.

In this appeal from an order of the Bankruptcy Judge (Yacos, J.) defendant/appellant Sandra Lee France raises a quartet of specific objections which this Court will subsequently discuss in order. The relevant background of the litigation is as follows.[1]

On August 27, 1985, following trial therein, the Chancery Court for Warren County, Tennessee, awarded the defendant/appellant a judgment in her suit on a note against the plaintiff/appellee Billy Junior France. On September 3, 1985, plaintiff/appellee filed his bankruptcy petition in the bankruptcy court in the District of New Hampshire seeking relief pursuant to the provisions of Chapter 13. A formal judgment in the Tennessee state court was entered on October 4, 1985.

On November 20, 1985, plaintiff/appellee moved for relief by way of complaint for an injunction and enforcement of the automatic stay provisions of the Bankruptcy Code. Hearing on this complaint was scheduled in the bankruptcy court for December 23, 1985, and on December 20 defendant/appellant filed her answer and motion for continuance of the scheduled hearing. The motion for continuance was denied by order of the Bankruptcy Judge, which order stated in pertinent part that "defendant has not made even a colorable showing that she has any legal right, claim, or lien to the title in question." On December 23, 1985, the Bankruptcy Judge also entered an order to the effect that inasmuch as the automatic stay mandated by 11 U.S.C. § 362(a) was in effect prior to the defendant/appellant's judgment, she was to be enjoined from further proceedings in the state courts of Tennessee and was to execute all documents necessary to turn over to the plaintiff/appellee the title to the motor vehicle at issue.

### 1. The Claim Pursuant to Rule 7004

■ Pointing to relevant provisions of Bankruptcy Rule 7004,[2] which require deposit of a summons and complaint in the mail within ten days of issuance of the summons, the defendant/appellant complains that inasmuch as the summons here issued on November 20, 1985, but was not received by defendant's counsel until December 5, 1985, there must have been failure to timely mail the summons, and the position of defendant/appellant was prejudiced. Such prejudice is said to exist because defendant/appellant claims she had only 18 days to procure local counsel.

■ Totally apart from the fact that even as of this date defendant/appellant has made no showing of any efforts ever exerted in an attempt to procure local counsel,[3] this argument is without merit. More-

---

1. The defendant/appellant's motion seeking supplementation of the record, filed with this Court on the afternoon of May 27, 1986, is herewith granted, and the Court has considered the documents thus furnished in the course of addressing the issues before it.

2. Rule 7004(f) provides:

If service is made pursuant to Rule 4(d)(1)–(7) it shall be made by delivery of the summons and complaint within 10 days following issuance of the summons. If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

3. As the only living member of the full-time judiciary, state or federal, in New Hampshire who has had the honor to serve as President of the New Hampshire Bar Association, this judge is well aware of the excellent cooperation and assistance furnished indigent parties through the combined efforts of New Hampshire Legal

over, as the Court of Appeals in the Circuit wherein defendant/appellant's counsel practices [4] has pointed out, Rule 7004 is to be read in conjunction with the Federal Rules of Civil Procedure 55(c) and 60(b), and where a meritorious defense can be mounted, relief will not be withheld. *Matter of Park Nursing Center, Inc.*, 766 F.2d 261 (6th Cir.1985).

However, as the Bankruptcy Judge found no merit in the defendant's answer, it is obvious that no cause of justice would be served by interposing further delay under the circumstances herein outlined.[5]

## 2. Failure to Join a Necessary Party

 Counsel has failed to cite and the Court has been unable to find any authority in support of the allegation to the effect that the Clerk & Master of the Chancery Court for Warren County, Tennessee, was a necessary party because the title to the vehicle at issue is in his possession. I find and rule that this claim is specious in that the Clerk & Master of said court is no more a necessary party to the proceedings before the Bankruptcy Judge than would be the Bankruptcy Judge a necessary party to this appeal before me.

## 3. The Claim of "Non Core" Proceeding

 Invoking 28 U.S.C. § 1334(c)(2),[6] defendant suggests that the litigation in the Tennessee State Court involved a "non core" proceeding, overlooking the clear provisions of 28 U.S.C. § 157(b) that "core proceedings" in a bankruptcy action include " ... (E) orders to turn over property of the estate [and] ... (G) motions to terminate, annul or modify the automatic stay." 28 U.S.C. § 157(b)(2). Clearly, the proceedings involving the title to the motor vehicle at issue were "core proceedings", and under those circumstances, the exclusive jurisdiction of the property at issue, "wherever located", was with the bankruptcy court. 28 U.S.C. § 1334(d).

## 4. The Venue Claim

 Defendant/appellant claims improper venue on the ground that this is a "foreign proceeding" pursuant to the provisions of 28 U.S.C. § 1410. That statute, however, is to be read in conjunction with 11 U.S.C. § 304, a statute concerning foreign bankruptcy proceedings; that is, actions pending in a country other than the United States. 11 U.S.C. § 101(20). Title 28 U.S.C. § 1410 has no application to proceedings such as those here at issue which involve proceedings in a federal bankruptcy court and in a state court.

## 5. The Merits

Title 11, United States Code § 362(a) provides that when a bankruptcy petition is filed it "operates as a stay" of a wide range of nonbankruptcy court actions. *In re Lopez-Soto*, 764 F.2d 23, 25 (1st Cir.

---

Assistance and the Bar Association. Had plaintiff, claiming indigency, sought local counsel, the probabilities are that such would have promptly been furnished to her, but the record here fails to show that she exerted *any* efforts in the 18 days between receipt of summons and date of scheduled hearing to procure such counsel.

**4.** Tennessee is, of course, in the Sixth Circuit, and this Court assumes that counsel who practice in Tennessee are thoroughly familiar with the decisions rendered by the United States Court of Appeals for the Sixth Circuit.

**5.** The findings made by the Bankruptcy Judge in this case are not clearly erroneous, *Briden v. Foley*, 776 F.2d 379 (1st Cir.1985).

**6.** 28 U.S.C. § 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

780

1985). Such a stay is designed to give a "breathing spell" to the debtor and "also provides creditor protection" by stopping "all collection efforts, all harassment, and all foreclosure actions". *Id., quoting* H.R. Rep. No. 595, 95th Cong.2d Sess., *reprinted in* [1978] U.S.Code Cong. & Admin. News 5787, 5963, 6296–97.

It is to be borne in mind that one of the primary purposes of the Bankruptcy Code is to afford debtors a new opportunity and a clear chance for the future, unhampered by pressures of debts from the past. *Brown v. Felson,* 442 U.S. 127, 128, 99 S.Ct. 2205, 2207–08, 60 L.Ed.2d 767 (1979); *Local Loan Company v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Here, the petition having been filed prior to the entry of judgment, the Bankruptcy Judge acted quite properly in granting the injunctive relief sought and in ordering turnover of the title to the motor vehicle at issue. Finding no error in his rulings, I herewith reject the appeal herein and affirm his prior orders in all respects.

SO ORDERED.