FARM CREDIT BANK OF
OMAHA, Appellee,

v.

Raymond R. FRANZEN, Sonja L.
Franzen, Appellants.

No. 90–2218.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 4, 1991.

Decided Feb. 26, 1991.

Raymond R. and Sonja L. Franzen, pro
se.

Lori J. Siewert, North Platte, Neb., for
appellee.

Before McMILLIAN and MAGILL,
Circuit Judges, and FLOYD R. GIBSON,
Senior Circuit Judge.

PER CURIAM.

Raymond and Sonja Franzen appeal from
an order of the district court[1] reversing
the bankruptcy court's order which had
denied Farm Credit Bank of Omaha's mo-
tion for relief from an automatic stay fol-
lowing the bank's foreclosure sale of the
Franzens' property. We affirm.

In December 1983 the Franzens filed a
voluntary petition in bankruptcy under
Chapter 11. On February 7, 1985, the bank
moved for relief from the automatic stay to
commence foreclosure of a mortgage it
held on the Franzens' farm.[2] The bank-
ruptcy court granted the bank's motion
whereupon the bank obtained a decree of
foreclosure and received a deed to the prop-
erty as the high bidder at the 1987 fore-
closure sale. The state supreme court con-
firmed the sale.

In October 1988, after the Franzens re-
fused to relinquish possession, the bank
filed a second motion for relief from the
automatic stay to enable it to pursue state
remedies to obtain possession. The bank-
ruptcy court denied the motion. The court
stated that on motion of either party it
would schedule an evidentiary hearing on

---

1. The Honorable William G. Cambridge, United
States District Judge for the District of Nebras-
ka.

2. The motion was brought by the bank's prede-
cessor in interest, Federal Land Bank of Omaha.

whether "reasonably equivalent value" had been given pursuant to 11 U.S.C. § 548, or whether "fair consideration" under state law had been given pursuant to 11 U.S.C. §§ 549 or 544. The bank appealed. The district court concluded that the bankruptcy court had erroneously determined it could schedule a hearing under sections 544, 548 and 549. Finding that cause existed for relief from the stay, the district court remanded the case to the bankruptcy court for necessary proceedings. This appeal by the Franzens followed.

 In reviewing a district court's reversal of a bankruptcy court, "this court asks whether the bankruptcy court's legal conclusions are correct and whether its factual findings are clearly erroneous." *In re Muncrief,* 900 F.2d 1220, 1224 (8th Cir. 1990). Here the district court correctly concluded that the bankruptcy court could not conduct hearings on the value of the property under sections 548 and 549. *See In re Matheson,* 84 B.R. 435, 436 (Bankr.N. D.Tex.1987). Assuming, without deciding, that the provisions of section 544(b) apply to a post-petition sale, the bankruptcy court is foreclosed from examining the sale for voidness under state law because the Nebraska courts have already determined that this property was sold "for fair value" and otherwise conformed to the requirements of state law. *See* Neb.Rev.Stat. § 25–1531. The Franzens' arguments relating to the bankruptcy court's authority are frivolous. Thus, the district court was correct in holding that the bank should be granted relief to dispossess the Franzens.

Accordingly, we affirm.

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Mis-souri.