Thomas J. CARLSON, Trustee,
Plaintiff–Appellant,

v.

CENTRAL TRUST BANK, Defendant–
Respondent.

No. 17964.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 8, 1992.

Thomas J. Carlson, Carlson & Clark, Springfield, for plaintiff-appellant.

R. Max Humphreys, Carson & Coil, P.C., Jefferson City, for defendant-respondent.

PREWITT, Judge.

Plaintiff, trustee in bankruptcy for the bankruptcy estate of Genaro Jimenez and Rose Marie Jimenez, filed a two count **"PETITION TO DETERMINE EXTENT AND VALIDITY OF LIEN"**. Count I requested the trial court to determine that a lien claimed by defendant on a motor vehicle titled to the bankrupts was unperfected and void as to plaintiff. Count II sought recovery of "preferences" paid by the bankrupts to defendant.

Defendant moved to dismiss the petition, claiming that the circuit court lacked jurisdiction to entertain it. The trial court sustained the motion and dismissed the petition. On appeal plaintiff presents two points relied on:

I.

The trial court erred in dismissing appellant's petition for lack of subject matter jurisdiction because the petition to determine extent and validity of lien is a civil proceeding arising in a case under title 11 wherein state courts have concurrent jurisdiction with federal courts pursuant to 28 U.S.C. § 1334(b) and involves questions of Missouri state law which require resolution in a state court.

**484**

## II.

The trial court erred in dismissing appellant's petition for lack of jurisdiction because the exclusive jurisdiction of the bankruptcy court over the property of the estate does not preclude the state court from determining whether respondent's lien is perfected in that the state court is not required to dispose of or exert control over estate property but merely to resolve an issue concerning the property under state law while leaving final disposition to the bankruptcy court.

■ These points and the argument under them, relate only to Count I of the petition. Therefore, any claim of error in dismissing Count II has been abandoned. See *Boyer v. Grandview Manor Care Center, Inc.*, 793 S.W.2d 346, 347 (Mo. banc 1990); *Hastings v. Coppage*, 411 S.W.2d 232, 235 (Mo.1967).

■ The only question considered here is whether the trial court had jurisdiction to determine the validity of the lien claimed by defendant on the motor vehicle. Plaintiff contends that the lien is invalid because defendant's security interest was not perfected in accordance with § 301.600, RSMo 1986 (since amended, see RSMo Supp.1991).

Plaintiff seeks relief in the nature of a declaratory judgment to determine the validity of the lien claimed by defendant. Plaintiff is not seeking possession and appears to concede that jurisdiction regarding the disposition of the vehicle or its proceeds is exclusively in the bankruptcy court. Of course, if the trial court made a decision on the merits which was followed in the bankruptcy court, that decision would affect the disposition of the vehicle or proceeds arrived from it. The parties agree that the question presented turns upon 28 U.S.C. § 1334, set forth marginally.[1]

Plaintiff relies on subsection (b); defendant contends subsection (d) is controlling. Obviously this is a matter "arising under title 11, or arising in or related to cases under title 11". This matter is related to a bankruptcy case as its outcome, if decided on the merits, could alter or impact the handling and administration of the estate. See *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir.1987). See also *In re Chambers*, 125 B.R. 788, 793 (Bankr. W.D.Mo.1991). Under 28 U.S.C. § 1334(b) the district courts do not have exclusive jurisdiction of such cases. The record does not indicate any abstention by a United States District Court as provided for in 28 U.S.C. § 1334(c).[2]

1. **§ 1334. Bankruptcy cases and proceedings**

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action

is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

2. Federal courts have stated that when a state court proceeding involves a state law and "bears a limited connection" to a bankruptcy case, federal court abstention "is particularly compelling." See *In re Titan Energy, Inc.*, 837 F.2d 325, 332 (8th Cir.1988). The interpretation of state law questions are best left to state courts to resolve. *Id.*

28 U.S.C. § 1334(d) gives district courts in which a bankruptcy proceeding "is commenced or is pending ... exclusive jurisdiction of all the property ... of the debtor". The question then is whether, as defendant urges, (d) is applicable and controlling here. It turns on whether (d) gives the district court exclusive jurisdiction of any matter which may affect that property or only over that property itself and determinations of its disposition. This is a close question, at least in part, because the meaning of "exclusive jurisdiction of all the property" is unclear and can be broadly or narrowly interpreted.

Besides jurisdiction over property of the debtor and the estate, the only other area of exclusive jurisdiction of the district courts in bankruptcy cases is granted by 28 U.S.C. § 1334(a). However, there is authority that this grant of exclusive jurisdiction is limited to the filing of the bankruptcy petition. In other particulars state courts have concurrent jurisdiction and bankruptcy courts are prohibited from relitigating matters resolved in state courts. *In re Brady, Texas, Mun. Gas Corp.*, 936 F.2d 212, 218 (5th Cir.1991), cert. denied, — U.S. ——, 112 S.Ct. 657, 116 L.Ed.2d 748 (1991). See also *Farm Credit Bank of Omaha v. Franzen*, 926 F.2d 762, 763 (8th Cir.1991); *In re Craig*, 56 B.R. 479, 480–481 (Bankr.W.D.Mo.1985); *Utah Farm Production Credit Ass'n v. Labrum*, 762 P.2d 1070, 1073 (Utah 1988) (in matters involving bankruptcy state and federal courts may have concurrent jurisdiction).

It has been broadly stated that "[t]he determination of priorities between two competing secured parties is a related proceeding determined by state law and, therefore, not subject to the exclusive jurisdiction of the bankruptcy court." *Dallas Bank & Trust Co. v. Frigiking, Inc.*, 692 S.W.2d 163, 165 (Tex.Ct.App.1985). Although there was abstention under 28 U.S.C. § 1334(c), the determination there indicates concurrent jurisdiction. Absten-

tion to allow a state court to determine an issue could only occur when there is concurrent jurisdiction. If there was exclusive jurisdiction in federal district courts by statute, then state courts could not be given jurisdiction by judicial order nor could federal courts decline to decide the matter. Therefore, federal decisions where there is abstention necessarily indicate that the state court had concurrent jurisdiction.

Defendant cites and quotes from *In re France*, 63 B.R. 777, 779 (D.N.H.1986):

> "Clearly, the proceedings involving the title to the motor vehicle at issue were 'core proceedings', and under those circumstances, the exclusive jurisdiction of the property at issue, 'wherever located', was with the bankruptcy court. 28 U.S.C. § 1334(d)."

In *France*, the "property" in question was not the motor vehicle but the certificate of title to it. The appellant there was objecting to an order to turn over the title to the vehicle. What, if any, proceedings there were to determine if there was a valid lien on the vehicle or a question of ownership to it is not clear. There is no indication in *France* that determining the validity of a lien on a motor vehicle whose owners are bankrupt may not be done in a state court.

■ The proceeding here does not purport to control or dispose of the property, although it may affect its disposition or the disposition of its proceeds. It would not be practical for various courts to take jurisdiction over property of a bankruptcy estate, but separate disputes which might relate to it could be litigated in other courts as long as one court had the authority to finally determine the disposition of the property. This court is not anxious to determine questions that might be determined in federal courts nor to order trial courts to do so, but generally courts are obligated to determine questions which fall within their jurisdiction. See 21 C.J.S. Courts § 68, p. 85 (1990). See also *Ex parte Gounis*, 304 Mo. 428, 263 S.W. 988 (1924).[3]

3. There is no indication in the record that there is any proceeding pending in the bankruptcy court, or elsewhere, regarding the validity of defendant's claimed lien on the vehicle and defendant has made no plea in abatement on that ground. Regarding such pleas, see *State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub*, 668 S.W.2d 72 (Mo. banc 1984); *In re Franz' Estate*, 346 Mo. 1149, 145 S.W.2d 400 (1940).

A decision on the question presented to the trial court would not decide where the vehicle should be nor deprive the district court of its jurisdiction over it. It would merely determine the validity of a lien on that property. Based on the authorities above cited, because this presents a state law question, and does not deprive the district courts of their jurisdiction over the property itself, this court determines that the question presented here is within the jurisdiction of the trial court.[4]

The dismissal of Count II of the petition is affirmed, the dismissal of Count I is reversed and the cause remanded to the trial court for further proceedings.

FLANIGAN, C.J., and MAUS, J., concur.

**4.** Perhaps a practical result of this decision may be to have the federal court decide whether state courts can determine issues such as presented here. If state courts refuse to do so, then it is unlikely a definitive determination of their jurisdiction will be decided in the federal courts. Whereas, if the state courts make that determination, then state court jurisdiction could be challenged in the federal courts.