### GOLDSMITH *v.* GILLILAND.

*(Circuit Court, D. Oregon. July 3, 1885.)*

1. SUIT TO QUIET TITLE—PARTIES.
    Where a number of persons claim undivided interests in real property adversely to one in possession of the same, the latter may maintain a suit to quiet his title against any or all of such claims, and neither of said persons or adverse claimants is a necessary party to a suit for that purpose against the other.

2. PLEA IN ABATEMENT FOR DEFECT OF PARTIES TO A BILL.
    A plea to a bill for a defect of parties consists of new matter, and is called a

pure plea, and therefore need not be supported by an answer; by it the defendant admits the case made by the bill, but objects that for want of parties the plaintiff cannot have the relief to which he may be otherwise entitled.

Suit to Determine Adverse Claim to Real Property.

*George H. Williams* and *George H. Durham,* for plaintiff.

*Seneca Smith, per se.* and other defendant.

DEADY, J.   This suit is brought by the plaintiff, a citizen of New York, to have his title to an undivided five-eighths of the east half of the Danforth Balch donation quieted, as against the claim of the defendants, citizens of Oregon, of an estate or interest therein adverse to him.   The case was before this court on demurrer to the bill on February 13, (22 FED. REP. 865,) and to the amended bill on May 20, (23 FED. REP. 645.)   It has now been heard on a plea in abatement to the amended bill for a defect of parties defendant.

Briefly, the plea sets forth that the plaintiff and each of the defendants, and also Max Goldsmith, of New York, and W. B. Walker and Emma Dickinson of Washington Territory, own an undivided interest in the premises; and that such parties each "claim" to own a certain undivided interest therein, stating the portion claimed by each; and that the defendants and said Walker claim such interests under certain deeds made after the year 1870, by the four children of Danforth and Mary Jane Balch, to-wit, John, Dan, Louis, and Emma Balch, now Emma Dickinson, whose interest in the land, as appears from the amended bill, was sold at their guardian's sale prior to that time, to-wit, September 24, 1870, under which sale the plaintiff claims, and said Emma Dickinson *nee* Balch, as heir of her parents; and concludes that said Max Goldsmith, W. B. Walker, and Emma Dickinson are not, but ought to be, "made parties to the said amended bill," and prays the judgment of the court, whether the defendants shall be compelled to make any other or further answer thereto.   On the argument numerous objections were made to this plea.   They may be conveniently condensed as follows:

1. The point made by the plea should have been made by demurrer.   This objection is not well taken, because it does not appear from the bill who owns two of the three-eighths of the premises not claimed by the plaintiff, and therefore the point could not have been made by demurrer, that certain persons,—for instance, Max Goldsmith, Walker, and Dickinson,—have or claim an interest therein, and should therefore be made parties to the bill.   The bill only shows that five-eighths of the premises belong to the plaintiff, and one-eighth to Joseph Teal, but as there are eight-eighths in the whole, the necessary inference is that there are two other eighths owned by some other person or persons; but who they are does not appear, and for aught that does appear, they may belong to the defendants.

2. The plea is not supported by an answer.   This is a pure plea, consisting wholly of new matter.   It admits the case made by the bill, but maintains that the plaintiff cannot have relief in this suit on

account of defect of parties in his bill. Such a plea never requires an answer in support of it. Story, Eq. Pl. §§ 660, 670, 745; Eq. Rule 32.

In section 745, *supra*, Story says:

"Although a plaintiff may be fully entitled to the relief he prays, and the defendant may have no claim to the protection of the court which ought to prevent its interference, yet the defendant may object to the bill, if it is deficient to answer the purposes of complete justice. This is usually for want of proper parties, and if the defect is not apparent on the face of the bill, the defendant may plead the matter necessary to show it."

3. The plea does not negative the allegations of the bill. But being a pure plea—one which admits the allegations of the bill—it need not and ought not to negative them also.

4. The plea is double and offers no issue. A plea may consist of many particulars, but if they all conduce to a single point or conclusion, it is not open to the objection of duplicity. This plea undertakes to show that Walker and Dickinson claim undivided interests in this property under the same title that the defendants do, to-wit, the title of the four minor children of Danforth and Mary Jane Balch, subsequent to and notwithstanding the alleged sale by their guardian, and therefore they ought to be made parties to the bill.

This suit is brought against the defendants because they claim an interest in the premises adverse to the plaintiff, and, so far as Walker and Dickinson are concerned, the plea merely alleges that they also claim an interest therein, under the same title with the defendants. All the matters in the plea tend to this conclusion or point, and if the plaintiff wants to put the same in issue, he can deny the allegation that these persons make any such claim, and if the issue is found in his favor, that disposes of it. However, it is not apparent on what ground Max Goldsmith is named in this plea, as there is no pretense that he is in the same boat with the defendants, or claims an interest in the premises adversely to the plaintiff. This was practically admitted by counsel for the defendants on the argument, and if necessary his name may be stricken from the plea.

5. Max Goldsmith, Walker, and Dickinson are not necessary parties, and being non-residents of the district cannot be made parties without depriving the court of jurisdiction.

Under section 8 of the judiciary act of 1875 (17 St. 472) Max Goldsmith might be made a party to this suit by order of the court, although he is a citizen of New York; but although said section is general in its terms, and provides that any person who is not found in the district where a suit is brought to remove a cloud upon the title of real property, may be served wherever he may be found, by order of the court, yet it must be construed as not including a person resident in a territory, because the jurisdiction of the United States courts, where the same depends on the citizenship of the parties, does not extend to a case between a citizen of a state and ter-

ritory. *Watson* v. *Brooks*, 8 Sawy. 320. It follows that if Walker and Dickinson are indispensable parties, this plea must be allowed and the suit dismissed, for they cannot become parties without ousting the jurisdiction of the court.

The rule on the subject of parties to a suit in equity cannot be better stated than by Mr. Justice BRADLEY, in *Williams* v. *Bankhead*, 19 Wall. 571. He says:

"The general rule as to parties in chancery is that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule arising out of public policy and the necessities of particular cases. The true distinction appears to be as follows: "*First.* When a person will be directly affected by a decree, he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. *Secondly.* Where a person is interested in the controversy, but will not be directly affected by a decree made in his absence, he is not an indispensable party, but he should be made a party if possible, and the court will not proceed to a decree without him, if he can be reached. *Thirdly.* Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter, which may be conveniently settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of the complainant."

And see *Barney* v. *Baltimore*, 6 Wall. 284; *Ribon* v. *Railroad Cos.* 16 Wall. 450; *Mallow* v. *Hinde*, 12 Wheat. 197; and *Elmendorf* v. *Taylor*, 10 Wheat. 167, to the same effect.

The act of February 28, 1839, (section 737, Rev. St.,) which gives the United States courts the right to proceed in a cause, and give judgment between the parties properly before it, in the absence of one or more defendants, not inhabitants of or found within the district, has been construed in harmony with the rule as here laid down; so that, even under this statute, the court will not and cannot hear and decide a case in the absence of an indispensable party, or one to be directly affected by its judgment. *Barney* v. *Baltimore*, 6 Wall. 285.

Counsel for the defendants maintain that unless a complete determination of the controversy can be had without the presence of Walker and Dickinson, they must be brought in; and in support of this position he cites and relies on Pom. Rem. §§ 369, 371, 418, 419. But it must be remembered that the writer is speaking of the rule under the Code, (N. Y. Code, § 122; Or. Code, § 40,) which peremptorily provides that "when a complete determination of the controversy cannot be had without the presence of other parties (than those before it) the court shall order them to be brought in." Under this rule, not only indispensable parties must be brought before the court, but also all those in the second and third of Mr. Justice BRADLEY's categories; in short, all those who have an interest in the controversy or the subject-matter.

This rule, which, by the way, Pomeroy says "is to a great extent a dead letter," (Pom. Rem. 422,) might be enforced in the state tribu-

nals, where absent parties may be brought before the court by the publication of a summons; but in the United States courts, where this practice does not prevail except in a few instances, its application would deprive them of their jurisdiction in a great many cases.

In *Field* v. *Lownsdale*, 1 Deady, 293, this court held that a suit brought to quiet title against a number of persons who claimed, as tenants in common, an interest in certain premises adversely to the plaintiff, that the interest of each one of the defendants was separate and distinct from the others, and therefore there could be a final determination of the controversy, so far as it concerned either of them, without the presence of the other defendants, as parties in the cause, and therefore that one of said defendants who had the requisite citizenship, might, as to herself, remove the cause from the state court under the act of July 27, 1866, (14 St. 306.) This case is exactly in'point. Admitting that the defendants and Walker and Dickinson claim each an interest in this property adverse to the plaintiff, as set forth in the plea, they must claim as tenants in common, and therefore the claim of each is separable and distinct from the other, although it may arise in the same way and be established by the same proof. The case falls within the third of Mr. Justice BRADLEY's categories. Walker and Dickinson have an interest in the subject-matter, and their claim being of the same nature as the defendants, and growing out of the same circumstances, they might be joined in this suit, at the option of the plaintiff, as a matter of convenience to him; and even if it fell within the second category the plea would be insufficient, under the circumstances, for Walker and Dickinson cannot be brought within the jurisdiction of the court.

This suit is merely the converse of the legal action to recover possession of real property. If the plaintiff was out of possession, and the defendants and Walker and Dickinson were in possession, claiming to own the land as tenants in common, even under the same title, the plaintiff could bring an action against either or all of them to recover the possession. And being in possession, and menaced by the adverse claims of these parties, he may maintain this suit to quiet his title against any or all of them who are or may be brought within the jurisdiction of the court, as he may think convenient. And the fact that the determination of the controversy in this suit will not settle any controversy the plaintiff may have with Walker and Dickinson, touching any claim they may make to the property, is not a matter which concerns these defendants. It will not inconvenience or prejudice them if the plaintiff chooses or is compelled to try this question over again in some other forum with those parties, with even a different result. Each of the parties now before the court has an opportunity to allege and prove whatever interest he may have in the premises, and the judgment of the court will be a final determination, as between them, of the controversy. Nor is there any danger that by this means the several interests claimed by the various parties named in

the plea may become confounded and lose their identity, as suggested by counsel for the defendants. The interests of tenants in common, though several and distinct in the abstract, are possessed in common; and therefore, as Blackstone says, (2 Book, 191,) "they all occupy promiscuously," "because none knoweth his own severally." None of these parties can be said to own or claim any particular eighth or fraction thereof of these premises, but simply an eighth or fraction thereof, which can only be located and identified by partition.

The plea is insufficient, and is therefore overruled.