# L. C. SMITH & BROS. TYPEWRITER CO.

## *vs.*

# RIDDLEMOSER COMPANY.

*Injunction*: *discretion of court; without preliminary hearing.*
*Pleading*: *filing of papers upon which equity rests. Land-*
*lord and tenant*: *permission to landlord to*
*make repairs; estoppel.*

On an application for an injunction, where the right to the relief claimed rests upon some paper or written instrument, such paper, etc., must be filed with the bill.                    p. 190

But the rule only applies to papers upon which the equity rests.                                                                p. 191

On an appeal from an order granting an injunction, the court is confined to the bill and exhibits filed at the time the relief was granted.                                             p. 190

The owner of a fee, subject to leasehold rights, for a term of years, desiring to improve the property by the installation of a sprinkler system for the lessees' benefit, as well as for his own, received written authority from the tenants to make the improvement; one of the tenants gave merely a written license, and when the work was nearly completed, ordered the work discontinued, and the pipes removed; the landlord was under contract with other tenants to complete the work by a date which

was close at hand: *Held,* that it was proper for the injunction to issue, as the tenant, under such circumstances, should not be allowed to change his position with regard to the permission he had given.                                    p. 193

The tenant, under the circumstances, was estopped from denying the landlord's right to complete the installation, begun under his written permission.                          p. 193

The issuing of an injunction rests in the sound discretion of the court; and in the exercise of that discretion it is for the court to determine whether justice demands that the parties to be affected should be given notice, so as to be heard, or whether the writ should not issue immediately, and the parties be heard subsequently.                                  p. 192

*Decided May 13th, 1915.*

Appeal from the Circuit Court of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Henry H. Dinneen,* for the appellant.

*George P. Bagby* (with whom was *Robert N. Baer* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This is an appeal from an order granting a preliminary injunction upon an *ex parte* application. The bill and exhibits were filed on the 10th day of December, 1914, and on the same day the injunction issued. On the following day, certain amendments to the original bill and an additional exhibit, under an order of Court first obtained, were filed,

and the injunction continued. On the 24th day of December, 1914, the defendant demurred to the bill, and on the 29th of December filed an order for an appeal.

It is alleged by the original bill that the appellee is the owner of a six-story and basement building, situated in the congested business section of Baltimore City; that the first floor of the building is divided into seven stores, all of which were under leases, the appellee being one of such lessees and occupying one of the said stores and the cellar space thereunder, and the upper floors being under leases to a business college and seven light manufacturing firms; that, because of the danger of fire to the building, it having its own heating, light and power plant and having already been destroyed by fire twice, and because of the high rate of fire insurance, the appellee planned to install an automatic sprinkler system in and upon the building; that the installation of such a system would greatly reduce the chance of an extensive fire in the building, and would reduce the cost of insurance on the building from one dollar and twenty cents per hundred dollars to thirty-five cents per hundred, and on the contents of the building from one dollar and ninety cents per hundred to sixty cents per hundred, and would thus save to the appellee, and the tenants of the building, about seventeen hundred dollars annually. That, in pursuance of the plan, the appellee obtained the co-operation of most of its tenants and the assent and express permission of all, to install the system; that the permission from the appellant was in the form of a letter, a copy of which was filed as an exhibit and was as follows:

"October 2nd, 1914.

"Gentlemen:

"This is to advise you our permission to install the Sprinkler System on premises of the above address without any obligation to us.

"Very truly yours,

"L. C. Smith & Bros.,

"Typewriter Co.

"N. R. Pearson."

That, after having obtained the express permission of all the tenants, the appellee entered into a contract with a sprinkler concern to have the system installed, for a sum exceeding three thousand dollars. That on the 27th of November, 1914, after a large portion of the work of installation had been completed throughout the building, and only a portion remained to be done in the part of the building occupied by the appellant, the appellee received, through its attorney, the following letter from the appellant's attorney, and filed as an exhibit:

"27th November, 1914.

"Dear Sir:

"L. C. Smith Bros. Typewriter Company, lessees of the premises 17 West Fayette Street for a period of three years, have requested me to demand that your client forthwith remove the unsightly pipes and other paraphernalia recently installed in said premises in connection with a so-called 'sprinkler system.' As you know, the Smith Company declined to execute an agreement authorizing the installation of such a system, and your action in the premises was solely that of a licensee. In view of this, therefore, will you kindly have the premises restored to their former condition by December 9th.

"Yours very truly,
"H. H. Dinneen."

That an effort to adjust the differences was made by the appellee, but on December 7th another letter was received from the attorney, advising that the appellant would vacate the premises by January 1st, unless the pipes, necessary for the system, were removed forthwith, and suggesting that if light were furnished free the agent of the appellant would advise the appellant to stay on. That on December 9th the workmen of the sprinkler company were ordered out of the premises, and prevented from completing the installation.

It is further alleged that the appellee has contracts with most of its tenants, contingent upon the completion of the

system by January 1st, 1915, and that it will be impossible to complete the system unless the work begun in the appellant's leased premises is completed. That the work when completed on the said premises will be of little, if any, inconvenience to the appellant, but on the contrary will be of great benefit.

In conformity to the prayer of the bill, the Court passed an order enjoining the appellant and its agents from refusing to the appellee or its agents entrance to the leased premises. for the purpose of installing the system, and from interfering, in anywise, with the sprinkler system; upon condition that the appellee file a bond in the penalty of one thousand dollars, and with the usual provision for a five days' notice, upon motion to rescind or dissolve.

There were filed as exhibits the letters or copies set out above and a paper purporting to be the contract with the sprinkler company.

The amendments to the bill set out facts as to the sittings of the Court, and alleged, that, if an order *nisi* were passed, it would be unlikely to have the cause heard before January 1st, and thus delay the completion of the system until after that date, and filed, as an exhibit, the contract with one of its tenants, containing the condition that is effect depended upon the completion of the system by January 1st, as alleged in the original bill, and added another paragraph, describing in detail the location and the dimensions of the pipes constituting the equipment of the system on the premises of the appellant.

It is contended by the appellant that the necessary exhibits, other than those mentioned, were not filed with the bill, and that, therefore, the injunction should not have been granted. It must be conceded, under an unbroken line of decisions in this State, that on an application for an injunction, where the right to the relief claimed rests upon any paper or written instrument that such paper or instrument must be filed with the application; for the reason, that the Court will then be in a position to see whether it supports

the allegations of the bill, and thus the better determine whether the applicant is entitled to the relief he seeks. It is not, however, every paper that must be filed, but those only upon which the applicant's equity rests. As was said by this Court in *Gottschalk* v. *Stein,* 69 Md. 51: "Courts of Equity never interfere by way of injunction, unless the complainant has made out a clear case, and if he has in his possession papers or instruments of writing on which his *equity rests,* such papers or instruments must be filed with his bill." *Hankey* v. *Abrahams,* 28 Md. 588; *Shoemaker* v. *National Mech. Bank,* 31 Md. 396; *Baltimore* v. *Keyser,* 72 Md. 115; *Nagengast* v. *Alz,* 93 Md. 525; *Water Co.* v. *Hagerstown,* 116 Md. 497; *Didier* v. *Merryman,* 114 Md. 434.

The contention of the appellant is, that the deed of the property, showing the title of the building to have been in the appellee, the lease between the parties and the contracts between the other tenants and the appellee, should have been filed at the time of filing the original bill; and before the injunction issued; and that the filing of the contract between one of the tenants and the appellee, on the day after the granting of the injunction, did not cure the defect; under the rule that this Court, on appeal, is confined to the bill and exhibits filed at the time of granting the injunction. *Guerand* v. *Dandelet,* 32 Md. 561.

There is no force in this contention; for, in our opinion, there was no necessity for filing any of these mentioned papers as exhibits. The claim of the appellee to relief was not based upon any facts that any of these papers would have shown. It is true, the appellee was alleged to be the owner of the premises, and the appellant was alleged to be a lessee for a term of years, yet, in the bill, there is no question of title of any nature raised. His equities, in no way, rested upon these facts, or the fact that he had contracts with his other tenants; but on the ground that he had been given permission to do a certain thing, in the way of improving his property, by one of his tenants, and that such tenant, after permitting him to partly complete that object, deliberately

attempted to do him irreparable injury, by seeking to withdraw that permission. The right to the protection of equity rested upon the consent given and attempted to be withdrawn, with the resulting injury.

Nor is there any force in the contention that the injunction should not have issued, until the defendant had been given an opportunity to be heard. An application for an injunction is addressed to the sound discretion of the Court, and it is for the Court, in the exercise of that discretion, to determine whether justice demands that the parties to be affected should be given notice, so as to be heard, or that the necessities of the case suggest that the writ should issue immediately, and the parties be heard later.

In *C. & P. Telephone Co.* v. *Baltimore,* 89 Md. 689, JUDGE PEARCE, speaking for the Court, upon the question of the right of the Court to take time for the consideration of questions raised by a bill for an injunction, and give the defendant parties an opportunity to be heard, or to grant it immediately, said: "But it is obvious that this is a matter necessarily within the discretion of the Court, and this discretion must in the present case, as in all others, be deemed to be exercised with as much wisdom and propriety, in forbearing to give, as in giving such notice." If, in the final disposition of an injunction, the decree of the Court is against the contention of a complainant, the remedy of the defendant is plain.

That the allegations of the bill and the exhibits show that the appellee presented a case for the interference of a Court of equity by way of injunction, requires but little discussion to establish. The facts, as they now appear, are, that the owner of the fee in a property, subject to leasehold rights for a period of less than three years, desiring to improve his property, both for his own and his lessee's benefit, receives written authority from his lessee, to make the improvement; and, after the work is about completed, is ordered to discontinue it, remove the improvements and sacrifice his expenses. With such a state of facts brought to its attention, should any

Court of equity refuse relief? We think the lower Court was correct in its order; and we do not base this opinion upon the question of the revocability or irrevocability of a license, for to our minds this permission granted was not a technical license at all; but we base it upon the principle that equity will not permit a tenant, to so change his position in regard to such a permission, as to work this injustice to the rights of the appellee.

We have only to apply the principles laid down in *Carmine* v. *Bowen,* 104 Md. 198. There it was held, that equity had jurisdiction to restrain a landlord from interfering with the re-entry of a former tenant, for the purpose of gathering crops, where the right of re-entry of the tenant was dependent upon the landlord's consent, and where there was no express consent. The reasoning was, that the landlord having, by his conduct, induced the tenant to believe he consented to the re-entry, and the tenant having planted crops, the landlord was estopped from denying the right.

We hold, therefore, under the facts in this case, that the tenant is estopped from denying to the appellee the right to complete the installation of the sprinkler system begun under and by virtue of its written permission.

*Order affirmed, with costs to the appellee, and cause remanded.*