FRANZ v. FRANZ et al.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1926.)

No. 7434.

**1. Injunction ⊂⇒143(1).**

In absence of statute or rule, equity court, in exercise of sound discretion, can grant temporary injunction without notice to adverse party and before service of process.

**2. Courts ⊂⇒344—Service of subpœna or other process is not prerequisite to issuance of preliminary injunction (equity rule No. 73; Comp. St. § 1243a).**

Neither equity rule No. 73 nor Comp. St. § 1243a, providing that no preliminary injunction shall be granted without notice to opposite party, requires service of subpœna in chancery or other process as prerequisite to issuance of injunction.

**3. Courts ⊂⇒344.**

Under equity rule No. 73 and Comp. St. § 1243a, sufficiency of notice of application for preliminary injunction is for trial court's determination, in exercise of sound discretion.

**4. Courts ⊂⇒344.**

Service of copy of ancillary bill and notice of time and place at which plaintiff would apply for temporary injunction held sufficient notice to opposite parties, under equity rule No. 73, and Comp. St. § 1243a.

**5. Courts ⊂⇒344.**

Service of notice of application for temporary injunction on attorneys of defendant, served in original proceeding and who was before court, held sufficient, under equity rule No. 73 and Comp. St. § 1243a.

**6. Courts ⊂⇒344.**

Service of notice of application for temporary injunction on firm of attorneys, who were also parties defendant, held sufficient as to members of firm, under equity rule No. 73 and Comp. St. § 1243a.

**7. Courts ⊂⇒344.**

Service of notice of application for temporary injunction on attorneys for nonresident defendants, not served with process, held sufficient under equity rule No. 73 and Comp. St. § 1243a.

**8. Tenancy in common ⊂⇒55(3).**

Tenant in common may sue to establish and quiet title to undivided interest without joining his cotenants as parties plaintiff.

**9. Courts ⊂⇒317—Defendant trustee, seeking same relief as plaintiff remainderman as respects other remainder interests, will not be aligned with plaintiff to defeat federal court's jurisdiction.**

In suit by plaintiff remainderman to establish his interest and to determine property to which his one-tenth remainder interest attached, defendant trustee, seeking same kind of relief respecting other remainder interests and making common cause with plaintiff in that respect, will not be aligned with plaintiff to defeat jurisdiction of federal court on ground of diversity of citizenship.

**10. Courts ⊂⇒508(1)—Plaintiff held entitled to preliminary injunction restraining suit in state court, which would impair and might defeat jurisdiction of federal court previously acquired.**

Where federal court first acquired jurisdiction of subject-matter in action quasi in rem, plaintiff was entitled to preliminary injunction restraining state court's suit, which would impair and might defeat such jurisdiction.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Suit by Ehrhardt W. Franz against G. A. Franz and others. From an order denying a preliminary injunction, plaintiff appeals. Reversed and rendered.

S. Mayner Wallace, of St. Louis, Mo. (Allen McReynolds, of Carthage, Mo., on the brief), for appellant.

Gustavus A. Buder, Jr., and Oscar E. Buder, both of St. Louis, Mo., for appellees.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This cause was before this court on a former appeal. See Franz v. Buder, 11 F.(2d) 854. The facts up to the time of the rendition of the opinion on the former appeal are there stated, and need not be reiterated here. After the mandate on the former appeal was filed in the trial court, and on March 31, 1926, Ehrhardt W. Franz (hereinafter called plaintiff) filed an amended bill of complaint against Gustavus A. Buder, Gustav A. Franz, G. A. Franz and G. A. Buder as trustees for Sophie Franz, Sophie Franz, Sherman H. Kleinschmidt, Helen Kleinschmidt, Eleanor Kleinschmidt, an infant, Nellie A. Franz, William P. Fosdick and John J. Rowe as executors of Walter G. Franz, deceased, Mississippi Valley Trust Company as administrator in Missouri of Walter G. Franz, deceased, Clara E. Franz, Pacific-Southwest Trust & Savings Bank as executor of and trustee for the estate of Ernst H. Franz, deceased, Mississippi Valley Trust Company as administrator in Missouri of Ernst H. Franz, deceased, William E. Franz, Ehrhardt D. Franz II, Walter G. Franz II, an infant, Ernst H. Franz, Jr., an infant, Clara F. Burris, Ernestine F. Booher, Mildred Franz Luckey, Otto B. Franz, Charles E. Franz, Otto B. Franz, Jr., Norman L. Franz, Louise F. Meyer, an infant, Marie Franz, an infant, Gustav A. Franz, Richard K. Franz, an infant, Oscar E. Franz, an infant, Constance Franz, Kathryn Franz, Nellie Louise Franz, an infant, Amanda F. Wheeler, Henrietta A. Holdoway, Johanna F. Fiske, Rogers A. Fiske, Eugene W. Fiske, Wallace F. Fiske, Norma Fiske, and Adelaide (or Adelheide) F. Zimmermann, as defendants.

The amended bill of complaint alleges that the plaintiff is a citizen of the state of Kansas, that the defendant Gustavus A. Buder is a citizen of the state of Missouri, and that the defendant Gustav A. Franz is a citizen of either the state of Arizona or the state of California. It then alleges substantially the same facts as were set up in the original bill. It further alleges that the ten children of Ehrhardt D. Franz, deceased, and Sophie Franz, were Gustav A. Franz, Minna F. Kleinschmidt, Walter G. Franz, Ernst H. Franz, Otto B. Franz, Amanda F. Wheeler, Henrietta A. Holdoway, Johanna F. Fiske, Adelaide (or Adelheide) F. Zimmermann, and the plaintiff. It specifically alleges the citizenship of the defendants, and avers that they are citizens of states other than the state of Kansas, of which the plaintiff is a citizen and resident. It further alleges that

the defendants, other than the defendant Gustavus A. Buder, are either heirs of and beneficiaries under the will of Ehrhardt D. Franz, deceased, or personal representatives of or heirs of deceased heirs of Ehrhardt D. Franz, deceased, and are all of the persons in being, natural and artificial, who are interested in the properties mentioned and referred to in the bill.

It prays that the defendants Gustavus A. Buder and Gustav A. Franz be required to make full disclosure and discovery of the nature, condition, extent, and value of the various properties referred to in the bill and in which the plaintiff claims a remainder interest; that they be restrained and enjoined from selling or otherwise disposing of any of the stocks referred to in the bill; that they be required to give adequate security for the protection of the present value of the plaintiff's vested remainder interest in and to one-tenth of such properties; and that the plaintiff's title to such remainder interest be adjudged, determined, and quieted as against the defendants.

On March 31, 1926, the plaintiff also filed an ancillary bill of complaint for an injunction against G. A. Franz and G. A. Buder as trustees for Sophie Franz, Sophie Franz, Gustav A. Franz, Gustavus A. Buder, Oscar E. Buder, Gustavus A. Buder, Jr., Aurelius W. Wenger, and Buder & Buder, a copartnership composed of the four defendants last above named. In the ancillary bill, plaintiff alleged that G. A. Franz and G. A. Buder as trustees for Sophie Franz, and Sophie Franz and Gustav A. Franz, by their attorneys, Buder & Buder, on February 3, 1926, instituted and filed a certain suit in equity in the circuit court of the city of St. Louis, Mo., against plaintiff and others, in which they set forth in substance the same matters and things as are set forth in the original bill and amended bill of complaint in this cause, and in which they seek and pray in substance the same relief which is sought and prayed for in said original and amended bill of complaint in this cause; that said suit was then pending; that process against the defendants therein, including this plaintiff, had been issued and served, and was returnable at the opening of the April term, A. D. 1926, of said circuit court, beginning on Monday, April 5, 1926; that unless enjoined, the plaintiffs therein would obtain orders, decrees, and judgments which would prejudicially affect, impair, and defeat the jurisdiction of the trial court in the present cause. On April 3, 1926, plaintiff caused a copy of a notice,

that on April 5, 1926, the plaintiff would move and apply for a preliminary injunction as prayed for in the ancillary bill, together with a copy of the ancillary bill, to be served upon the firm of Buder & Buder.

On April 7, 1926, the Mississippi Valley Trust Company, as administrator with the will annexed of the estate of Ernst H. Franz, deceased, filed an answer to the amended bill of complaint of the plaintiff and a cross-bill against the defendants Gustavus A. Buder and Gustav A. Franz, both individually and as trustees for Sophie Franz, in which it sets up substantially the same facts as are alleged in the amended bill of plaintiff. It prays that the defendants Gustavus A. Buder and Gustav A. Franz be required to give security adequate for the protection of the present value of the vested remainder interest of the estate of Ernst H. Franz, deceased, in and to one-tenth of the properties, and that its title to such vested remainder interest be adjudged, determined, and quieted.

On April 7, 1926, the Mississippi Valley Trust Company, as administrator with the will annexed of the estate of Walter G. Franz, deceased, filed a like answer and cross-bill in behalf of such estate.

On April 8, 1926, the trial court entered its order denying the prayer of the ancillary bill for a preliminary injunction. This is an appeal from that order.

Thereafter plaintiff filed a motion in this court to advance and hear the appeal. This matter came on for hearing on April 21, 1926, before Circuit Judges Sanborn and Van Valkenburgh. Upon such hearing, and on April 21, 1926, this court entered an order by which it advanced the appeal, set it for hearing on the merits on May 31, 1926, and enjoined the defendants to the ancillary bill from further prosecuting the action in the circuit court of the city of St. Louis until the further order of this court.

[1, 2] The defendants to the ancillary bill raise certain questions going to the jurisdiction of the court, which should be disposed of before the merits are considered.

They contend that no subpœna, summons, writ, or other legal process upon the ancillary bill was either issued or served upon the defendants thereto, except the notice referred to above, which was served upon the firm of Buder & Buder, and that therefore the trial court acquired no jurisdiction over the person of the defendants, and for that reason, properly denied the application for the temporary injunction.

Equity rule No. 73 and 38 Stat. 737 (U. S. Comp. St. § 1243a), provide that no preliminary injunction shall be granted without notice to the opposite party. Absent this statute and rule, a court of equity, in the exercise of a sound discretion, might properly grant a temporary injunction without notice and before the service of process. L. C. Smith & Bros. Typewriter Co. v. Riddlemoser Co., 126 Md. 186, 94 A. 655, 657; Powhatan Coal & Coke Co. v. Ritz, 60 W. Va. 395, 56 S. E. 257, 258, 9 L. R. A. (N. S.) 1225; Perkins v. Collins, 3 N. J. Eq. 482; Buckley v. Corse, 1 N. J. Eq. 504; Ex parte Gounis, 304 Mo. 428, 263 S. W. 988; 32 C. J. p. 306, § 498. The rule and statute use the word "Notice." Neither contemplates the service of a subpœna in chancery.

[3-7] The sufficiency of the notice, both in respect of time and contents under the particular circumstances of each case, is a matter for the determination of the trial court in the exercise of a sound discretion. Lawrence v. Bowman, 15 Fed. Cas. 21, No. 8,134; 32 C. J., p. 308, § 502. The service of a copy of the ancillary bill and the notice of the time and place at which the plaintiff would apply for a temporary injunction in the instant case, in our opinion, gave sufficient notice to the opposite parties. The defendant Gustavus A. Buder had already been served in the original proceeding and was before the court. As to him, service of the notice upon his attorneys was clearly sufficient. Gasquet v. Fidelity Trust & Safety Vault Co. (C. C. A. 5) 57 F. 80, 6 C. C. A. 253. The service upon the firm of Buder & Buder was sufficient as to the members of that firm. The other defendants to the ancillary bill were nonresidents and beyond the jurisdiction of the court, and had not been served with process. They were acting through the firm of Buder & Buder as their attorneys in the prosecution of the action in the state court. Under such circumstances, service of the notice upon their resident agents, who in their behalf were committing the acts sought to be enjoined, sufficiently met the requirements of equity rule 73 and section 1243a, supra. Veitia v. Fortuna Estates (C. C. A. 1) 240 F. 256, 153 C. C. A. 182.

The defendants to the ancillary bill further contend that the defendants Mississippi Valley Trust Company as administrator of Walter G. Franz, deceased, and Mississippi Valley Trust Company as administrator of Ernst H. Franz, deceased, Sherman H. Kleinschmidt, Helen Kleinschmidt, Eleanor Kleinschmidt, and Gustavus A. Buder are all citizens of the state of Missouri; that the interests in the controversy of the Mississippi

Valley Trust Company as the administrator of such estates are identical with, and not antagonistic to, the interests of the plaintiff; that it is the duty of the court to realign the parties on opposite sides according to their interest in the controversy; that, when this has been done, there will be a controversy between the Mississippi Valley Trust Company as such administrators, as plaintiffs, and Gustavus A. Buder, as defendant; that they are citizens of the same state; and that therefore no diversity of citizenship exists, and the court has no jurisdiction of the cause of action set up in the original bill upon which the ancillary bill depends.

[8] In the former opinion we held that the present owners of the other nine-tenths of the remainder estate were indispensable parties. We did not hold that they were indispensable parties plaintiff. A tenant in common may bring a suit to establish and quiet the title to his undivided interest, without joining with him his cotenants as parties plaintiff. Goldsmith v. Gilliland (C. C.) 24 F. 154; Cherry River Boom & Lbr. Co. v. Reger, 90 W. Va. 252, 110 S. E. 709, 713; McCleary v. Broaddus, 14 Cal. App. 60, 111 P. 125, 127; O'Donnell v. McIntyre, 37 Hun (N. Y.) 615, 623; Hannegan v. Roth, 12 Wash. 695, 44 P. 256. While in the original bill the plaintiff only sought to establish and protect his undivided remainder interest, the fundamental questions of fact and law which would determine the extent of the plaintiff's remainder interest would likewise determine and affect the other remainder interests, and a decision adverse to the plaintiff, although it would not bind the owners of other remainder interests, would cast a cloud on their title, and for that reason we held the court ought not to proceed in their absence. Such was the conclusion of the Supreme Court upon a similar state of facts in California v. Southern Pacific Co., 157 U. S. 229, 249, 256, 15 S. Ct. 591, 39 L. Ed. 683.

[9] We are unable to agree with the contention that the Mississippi Valley Trust Company, as administrator of the estates of Walter G. Franz, deceased, and Ernst H. Franz, deceased, respectively, must be aligned as parties plaintiff. The plaintiff, by his amended bill, seeks to determine the particular property to which his one-tenth remainder interest attaches, and to establish and quiet the title to such remainder interest as against all parties defendant. The Mississippi Valley Trust Company seeks the same kind of relief, but respecting the one-tenth remainder interests belonging to the estates of Ernst H. Franz, deceased, and Walter G. Franz, deceased. Each seeks to establish and protect for himself or itself, and not for the three jointly, his or its own remainder interest. In suits respecting undivided interests in property between the several owners and claimants thereof, two or more of the parties frequently seek the same kind of relief against each other respecting their separate interests, and make common cause against one defendant who claims the whole. In such a case, the parties who make common cause against one defendant need not necessarily be aligned as parties plaintiff. Belding v. Gaines (C. C.) 37 F. 817; German Savings & Loan Soc. v. Tull (C. C. A. 9) 136 F. 1, 9, 10, 11, 69 C. C. A. 1; Lewis et al. v. Schrader (D. C.) 287 F. 893.

In Belding v. Gaines, supra, the late Mr. Justice Brewer, then Circuit Judge, passing upon a similar question, said:

"The complainant is a citizen of Texas; the defendants all citizens of Arkansas; prima facie, therefore, this court has jurisdiction. But these facts appear, and upon them a plea in abatement to the jurisdiction has been filed. One Belding died, having the equitable title to a tract of land in Arkansas, and leaving four heirs. One of them, a defendant herein, obtained the legal title. The complainant is one of the heirs, and files this bill, claiming as against such defendant a one-fourth interest in the property, and as against all the defendants—the other heirs being made defendants—partition. Such other heirs filed a cross-bill, claiming their separate ownerships of one-fourth interest, and also asking partition. It is insisted that the interests of these two defendants are the same as those of the complainant, and that they are collusively joined as defendants for the purpose of giving this court jurisdiction; that the court should ignore the action of the pleader, rearrange the status of the parties litigant, and place such last-named defendants on the side of the complainant; and, so placing them, there would be a suit between citizens of this state, of which this court could not take jurisdiction. I think this is a mistake. It may be true that the complainant and the two defendants are alike interested in divesting the other defendant of whatever right and protection he may claim from holding the legal title, but there their identity of interest ceases. Each seeks to recover for himself, and not for the three jointly, his one-fourth share of the property. Partition implies a setting apart to each owner his hitherto undivided interest, and each owner has a separate interest in establishing the fact and extent of his title, and in securing his

separate share of the estate. Take an ordinary law action. There must be a unity of interest, not merely in the subject-matter of the action, but also in the relief sought, before two parties can be joined as plaintiffs.

"Take, for illustration, a case I have just decided in the Eastern district of Missouri. Keary v. Life Ass'n (C. C.) 30 F. 359. A man took out a policy in an insurance company. The policy provided for the payment of $10,000 upon his death, not to his heirs in bulk, but separately—$2,000 to one, $1,000 to another, and so on, specifically naming each. Upon his death the heirs joined as plaintiffs in a single action. I sustained a demurrer on the ground of misjoinder of several causes of action. All were interested in the subject-matter of the action, the establishing the policy as a valid contract upon which the company was liable; but they were not jointly interested in the relief sought. Each had his separate cause of action for the money due him by the terms of the policy, and neither was interested in the money claimed by the others. So here the three may be interested in striking down any adverse claim which may be set up by the holder of the legal title, but neither of them is interested in the recovery by the other of his one-fourth. That is a matter which concerns and benefits each claimant separately. There might, in fact, be more antagonism between the several interests of the three than between the several plaintiffs in the law action referred to. It is true, as stated in Barney v. Baltimore City, 6 Wall, 280 [18 L. Ed. 825] all part owners are so interested in the partition that they should be made parties; but where full partition is sought each owner has his separate and individual interest to assert and protect, and that individuality of interest enables him to maintain an action in his separate name. The fact that one party denies all part ownership by the others, and that they therefore make common cause to establish their claim against such denial, does not take away their individuality of interest in the partition consequent upon their success in the first matter of controversy."

See, also, Lbr. Co. v. Reger, supra.

In the instant case, the plaintiff seeks to establish and protect his own remainder interest, and the Mississippi Valley Trust Company, as such administrators, seeks to establish and protect the remainder interests of the estates which it represents, and the fact that they make common cause against certain of the defendants respecting their several separate interests does not require that they be aligned as parties plaintiff.

15 F.(2d)—51

It is therefore our conclusion that the court has jurisdiction of the original bill.

[10] Assuming the allegations of the ancillary bill to be true, was the plaintiff entitled to a preliminary injunction to preserve and protect the jurisdiction of the trial court lawfully acquired over the subject-matter of the cause?

In our former opinion we said:

"This suit concerns the title to and ownership of certain specific property alleged to be in the hands of the trustees in the city of St. Louis, and within the jurisdiction of the District Court, and involves the potential necessity of assuming control of that property for the purpose of enforcing any decree that may be rendered, and of preventing any disposition of the property that may impair the efficacy of that decree."

We there held that the original action was in the nature of an action in rem, and that process could be served upon nonresident defendants under the provisions of section 57 of the Judicial Code (Comp. St. § 1039).

In Kline v. Burke Constr. Co., 260 U. S 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, the Supreme Court said:

"It is settled that, where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court. Where the action is in rem, the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached."

The Supreme Court, in the same opinion, quotes with approval from Baltimore & Ohio R. Co. v. Wabash R. Co. (C. C. A. 7) 119 F. 678, 680, 57 C. C. A. 322, 323, as follows:

"It is settled that, when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted. * * * The rule is not only one of comity, to prevent unseemly conflicts between courts whose jurisdiction embraces the same subject and persons, but between state courts and those of the United States it is something more. 'It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience.' Covell v. Heyman, 111 U. S. 176, 4

S. Ct. 355, 28 L. Ed. 390. The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of a like nature."

In Farmers' Loan & Trust Co. v. Lake Street Elevated Ry. Co., 177 U. S. 51, 61, 20 S. Ct. 564, 568 (44 L. Ed. 667) the Supreme Court, speaking of the above rule, said.

"Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the-property to be affected."

See, also, Chillicothe Furniture Co. v. Revelle, Receiver of Interstate Casualty Co. (C. C. A. 8) 14 F.(2d) 501, filed August 9, 1926.

It clearly appears from the allegations of the ancillary bill that the trial court in the original proceeding acquired jurisdiction over the subject-matter, in an action quasi in rem, prior to the institution of the suit in the state court, and that the latter suit will impair and may defeat that jurisdiction. Such being the case, the plaintiff was entitled to a preliminary injunction.

The order of the trial court is therefore reversed, and an order will be entered, enjoining the defendants to the ancillary bill from further prosecuting the suit in the state court until the final hearing upon the ancillary bill and the further order of the court, and the costs will be assessed against the defendants to the ancillary bill.