## ALL CONTINENT CORPORATION v. STEELMAN. *
### In re FOX.
### No. 6253.

Circuit Court of Appeals, Third Circuit.

Dec. 1, 1936.

James A. Montgomery, Jr., Frederick H. Spotts, and George W. Pepper, all of Philadelphia, Pa., Benjamin Reass, of New York City and Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., for appellant.

Wm. Elmer Brown, Jr., of Atlantic City, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal from a decree entered by the United States District Court for the District of New Jersey, hereinafter called the New Jersey court, upon a bill filed by the appellee, enjoining the appellant from prosecuting a suit in equity against him in the United States District Court for the Eastern District of Pennsylvania, hereinafter called the Pennsylvania court. This suit was brought in the Pennsylvania court to clear an encumbrance and cloud upon the title to certain securities held by J. W. Sparks & Co., brokers, with whom the appellant had an account. Sparks & Co. was joined as one of the defendants in the Pennsylvania suit. The other defendant, in addition to Sparks & Co. and the appellee, was the Capital Company, a corporation organized and existing under the laws of the state of California.

The appellee, who is trustee of the estate of William Fox, bankrupt, was joined as a party defendant in the Pennsylvania suit because it is contended that these securities with others whose title is in the

*Writ of certiorari granted 57 S. Ct. 492, 81 L. Ed. —.

appellant really belonged to William Fox, and now belong to the trustee of his estate in bankruptcy. Sparks & Co. was made a party because it has possession of the securities against which it has a claim for about $300,000 and in consequence is vitally interested in the question of their ownership. The Capital Company was made a party because it has a judgment against William Fox, and by means of certain supplementary proceedings in New York it has created a cloud upon the title of the securities.

The Capital Company claims these securities and in certain supplementary proceedings issued and served upon Sparks & Co., a subpœna under the authority of section 781 of the Civil Practice Act of New York which provides, among other things, that a "third person is * * * forbidden to transfer * * * property belonging to the judgment debtor * * * until the further order of the court" and that any one who violates "the provisions of such restraining provision, shall be subject to punishment by the court by fine and imprisonment or either, as and for a contempt." This created a serious situation for Sparks & Co. It had possession of property against which it had a claim for about $300,000, which no one disputes, but the same property is claimed by the Capital Company and the trustee in bankruptcy on the ground that it in fact belonged to William Fox and now is an asset of his estate in bankruptcy. All Continent Corporation requested Sparks & Co. to transfer some of these securities, but it refused, because it could not afford to run the risk of being adjudged guilty of contempt and of the consequences thereof. The All Continent Corporation thereupon filed a bill in the Pennsylvania court to clear the encumbrance and cloud upon the title to the securities pursuant to section 57 of the Judicial Code (title 28 U.S.C.A. § 118), which among other things provides that:

"When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be."

Sparks & Co. filed an answer wherein it admitted that the securities were received by it from the appellant, that it had no knowledge that any of the securities belonged to William Fox, and that it believed that they belonged to the appellant, but that it refused to transfer any of them or to permit the appellant to deal in or with the account because the subpœna restrained it from so doing. In order to protect its own interest, it joined in the prayer of the bill and requested the court to determine the rights and interests of all parties in suit.

As above stated, after the suit had been begun in the federal court in Pennsylvania, the appellee filed a petition in the New Jersey court and prayed that the court enjoin the prosecution of the suit begun by the appellant in the Pennsylvania court. No answer to the petition was filed, but a motion to dismiss the petition was filed by the All Continent Corporation. This the court denied and entered a decree enjoining the prosecution in the Pennsylvania court against the trustee in bankruptcy. From this decree an appeal has been taken to this court.

The real question in issue here is whether or not the New Jersey court had the power to enjoin the appellant from prosecuting its suit, under the facts in this case, in the Pennsylvania court. The New Jersey court assumed and exercised jurisdiction on the ground that the continuance of the suit in the Pennsylvania court would interfere with the orderly administration of the bankrupt estate which was proceeding under section 21a of the Bankruptcy Act, as amended (11 U.S.C.A. § 44(a), in the New Jersey court.

Sparks & Co. is located in Philadelphia and has possession of the securities there, in the Eastern District of Pennsylvania. There is and can be no question about the jurisdiction of the Pennsylvania court. Under the facts in this case section 57 of the Judicial Code (28 U.S.C.A. § 118) empowered the appellant to bring a suit to remove the encumbrance and cloud upon the title to the securities, and, since

they were held in the Eastern District of Pennsylvania by Sparks & Co., the suit was brought in the only court and district where it could be effectively maintained. Section 57 of the Judicial Code (28 U.S.C.A. § 118); In re Interocean Transportation Co. of America, Inc. (D.C.) 232 F. 408; In re Green (D.C.) 207 F. 693; Copeland v. Martin (C.C.A.) 182 F. 805. That being true in order to justify the action of the New Jersey court, it must clearly appear that it had sound legal grounds to restrain the proceedings properly brought under the authority of the Judicial Code in the Pennsylvania court. There is no merit in the contention that the Pennsylvania court was not restrained, but only one of the litigants, for the restraint of a proper party is legally tantamount to the restraint of the court itself. Several grounds have been alleged to justify the restraint.

■ As stated above, the court based the restraint upon the ground of unlawful interference with the orderly administration of the bankrupt estate. Just how the removal of the cloud upon the title to the securities by the only court that can do so will interfere with the administration of the estate does not appear, for it was admitted at the argument before us that within a week after the argument in the New Jersey court of the motion for restraint, on the ground that the suit in the Pennsylvania court would interfere with his administration and that he was not prepared to defend the suit, the trustee filed a bill seventy pages long in the Court of Chancery of New Jersey against the appellant and other defendants covering, so far as the appellant is concerned, substantially the same controversy that is involved in the Pennsylvania court. This bill in the Court of Chancery, while having no bearing upon the conclusion reached in this opinion, really sets forth two separable controversies. By the one between the trustee and the appellant, the trustee seeks to obtain all the property claimed by the appellant, and in this the appellant is the only necessary party defendant; by the other, he seeks to set aside a certain trust agreement and in this the other defendants are the only necessary parties defendant.

The trustee did not specifically allege that the identical securities held by Sparks & Co. belong to Fox, but did say that all of the assets of the appellant belonged to Fox; and as a matter of fact the securities in controversy here are a part of the appellant's property alleged to belong to Fox. In order for the trustee to establish his ownership of all the property of the appellant, including the securities in the possession of Sparks & Co., on the ground that it in fact belonged to Fox, it is necessary for him to prove all of his averments in his bill in the Court of Chancery which relate to the appellant. The same proof will have to be made in the Pennsylvania court as to the securities here in question. Under these circumstances, a decree made in favor of appellee in the Pennsylvania suit could only be based upon a finding by that court that all of the assets of the appellant belong to the appellee. Such a finding would be binding and conclusive upon appellant, not only in the Pennsylvania court, but in every other court in which that question might be litigated between the parties. Under these circumstances, the Pennsylvania court, having first acquired jurisdiction of the property and controversy, is entitled to exclusive jurisdiction, and the institution of the suit in chancery was an attempt to oust the Pennsylvania court of the jurisdiction which it had previously and validly acquired. The appellant is entitled to maintain the exclusive jurisdiction which it thus acquired under the authority of section 57 of the Judicial Code (28 U.S.C.A. § 118), and may, upon proper application, restrain the trustee from litigating the controversy elsewhere. Ward et al. v. Foulkrod et al. (C.C.A.) 264 F. 627; Franz v. Franz et al. (C.C.A.) 15 F.(2d) 797.

■ The institution of the proceedings in the New Jersey court by which the trustee secured the injunction against the appellant is based upon the assumption that the securities in the possession of Sparks & Co. belong to the estate of William Fox in bankruptcy. The Capital Company has been and is seeking to get these securities, not for the creditors as a whole but for itself. The action to do this was begun long before Fox became a bankrupt and by supplementary proceedings in New York the cloud upon the title to them has been created. The claim of that company is accordingly adverse to the interests of the trustee who represents all the creditors generally. It is therefore not only his right to appear in the Pennsylvania court and defend that suit, but it is his official duty, and neglect or failure to do so would be a clear breach of that duty.

The trustee argues that the bankruptcy court acquired jurisdiction over these securities in case they should subsequently "be determined to be the property of the bankrupt," and therefore the suit in the Pennsylvania court against him should have been restrained. That entirely begs the question, and such law would prevent every plenary suit. The question is the determination of the ownership of the property by a plenary suit which had been properly brought in the Pennsylvania court. The trustee is improperly attempting to try the same controversy by a plenary suit in the Court of Chancery after the Pennsylvania court had acquired exclusive jurisdiction.

Under the facts in this case, the District Court of New Jersey did not have power to restrain the suit which the statute clearly authorized to be brought in the Pennsylvania court.

The order restraining the appellant from proceeding with its suit against the trustee in the Pennsylvania court is accordingly reversed, and appellant is permitted to proceed with its suit.